RUSS, AUGUST & KABAT

1  Stanton L. Stein (SBN 45997)
2  lstein@raklaw.com
   Diana A. Sanders (SBN 296689)
3  dsanders@raklaw.com
   RUSS, AUGUST & KABAT
4  12424 Wilshire Boulevard, 12th Floor
5  Los Angeles, California 90025
   Telephone:   (310) 826-7474
6  Facsimile:    (310) 826-6991

7
8  Attorneys for Defendants Brian Graden,
   Brian Graden Media LLC, Russ August &
9  Kabat, Stanton L. Stein and Diana A. Sanders

10 *(additional counsel on following page)*

11           **UNITED STATES DISTRICT COURT**

12           **CENTRAL DISTRICT OF CALIFORNIA**

13 ROVIER CARRINGTON,                    Case No. 2:20-CV-09825

14                    Plaintiff,         *Assigned to Hon. Virginia Phillips*

15 vs.

16 HARVEY WEINSTEIN; ESTATE OF           **JOINT EX PARTE APPLICATION
   SUMNER REDSTONE; NATIONAL             BY DEFENDANTS BRIAN
17 AMUSEMENTS, INC.; BRIAN               GRADEN, BRIAN GRADEN
   GRADEN; BRIAN GRADEN MEDIA            MEDIA LLC, VIACOMCBS INC.,
18 LLC; VIACOMCBS INC.;                  PARAMOUNT PICTURES CORP.,
   PARAMOUNT PICTURES CORP.;             TRUSTEES OF THE BRAD ALAN
19 TRUSTEES OF THE BRAD ALAN             GREY TRUST, STANTON L.
   GREY TRUST; STANTON "LARRY"           STEIN, DIANA A. SANDERS, RUSS
20 STEIN; DIANA A. SANDERS; RUSS         AUGUST & KABAT, WOOK
   AUGUST & KABAT LLP; WOOK              HWANG, LOEB & LOEB LLP,
21 HWANG; LOEB & LOEB LLP;               CHRISTOPHER LLOYD
   CHRISTOPHER LLOYD LAVIGNE;            LAVIGNE, STEPHEN ROBERT
22 STEPHEN ROBERT FISHBEIN;              FISHBEIN, SHEARMAN &
   SHEARMAN & STERLING LLP; HON.         STERLING LLP FOR STAY OF
23 KATHERINE POLK FAILLA (In her         DEADLINE TO RESPOND TO
   official and individual capacities); and   COMPLAINT OR, IN THE
24 DOES 1-100,                           ALTERNATIVE, 30 DAY
                                         EXTENSION ON DEADLINE TO
25                    Defendants.        RESPOND TO COMPLAINT
26
27                                       *(Declaration of Stanton L. Stein filed
                                         concurrently herewith; and
28                                       [Proposed] Order lodged to Court)*

---

1

John F. Cove, Jr. (SBN212213)
John.cove@shearman.com
SHEARMAN & STERLING LLP
535 Mission Street, 25th Floor
San Francisco, California 94105
Telephone: 415-616-1100
Facsimile: 415-616-1139
Attorneys for ViacomCBS Inc., Paramount Pictures
Corp., Shearman & Sterling LLP, Stephen
Fishbein, Christopher LaVigne

David Grossman
dgrossman@loeb.com
LOEB & LOEB LLP
10100 Santa Monica Blvd., #2200
Los Angeles, California 90067
Telephone: (310) 282-2000
Facsimile: (310) 282-2200
Attorneys for Trustees of the Brad
Alan Grey Trust, Loeb & Loeb LLP,
and Wook Hwang

RUSS, AUGUST & KABAT

2

**EX PARTE APPLICATION**

Pursuant to Central District of California Local Rule 7-19, Defendants Brian Graden, Brian Graden Media LLC, ViacomCBS Inc., Paramount Pictures Corp., Trustees of the Brad Alan Grey Trust, Stanton L. Stein, Diana A. Sanders, Russ August & Kabat, Wook Hwang, Loeb & Loeb LLP, Christopher Lloyd LaVigne, Stephen Robert Fishbein, and Shearman & Sterling LLP (collectively, "Defendants"), hereby jointly submit this *ex parte* application for an order: (1) staying Defendants' deadline to respond to the Complaint until the United States District Court for the Southern District of New York ("SDNY Court") resolves pending civil contempt proceedings against Plaintiff and his counsel for filing the Complaint in violation of a September 11, 2020 pre-filing permanent injunction and related proceedings brought by Plaintiff to vacate the SDNY Court's Orders; or, in the alternative, (2) granting Defendants a 30-day extension to respond to the Complaint (the "Application").

This Application is made *ex parte* for the following reasons:

<u>First</u>, the Complaint was filed in violation of a permanent pre-filing injunction against Plaintiff that was entered by the SDNY Court on September 11, 2020 (the "Pre-Filing Litigation Injunction"). *See Rovier Carrington v. Brian Graden, et al.*, SDNY 18-cv-04609-KPF (the "SDNY Action"), Dkt. No. 180. After the Complaint was filed, Defendants commenced civil contempt proceedings in the SDNY Court against Plaintiff and his counsel seeking an Order compelling Plaintiff to dismiss the Complaint with prejudice. *See* SDNY Action Dkt. Nos. 192-94. In response, Plaintiff sought to vacate various Orders issued by the SDNY Court that directly relate to the relief Plaintiff seeks here. Those matters are fully briefed as of December 14, 2020 and the parties are awaiting a decision from the SDNY Court. Resolution will potentially moot Defendants' need to respond to the Complaint, and a stay will promote the interests of judicial efficiency, comity, and the need to avoid duplicative litigation. Defendants seek only a stay (rather than

3

RUSS, AUGUST & KABAT

1  outright dismissal) at this time, but reserve all of their rights to seek additional

2  relief, including under Federal Rule of Civil Procedure Rule 12 and sanctions for

3  filing the Complaint.

4      Second, there is insufficient time to seek relief under regular noticed motion

5  procedures because Defendants' responses to the Complaint are due the week of

6  January 11, 2021.

7      Third, a temporary stay or extension of Defendants' deadline to respond to

8  the Complaint will not prejudice Plaintiff.  The case is in its earliest stages, no

9  other parties in this case have even appeared or filed responsive pleadings, and no

10  deadlines have been set by the Court.  This is the first request for any extension by

11  Defendants.  Moreover, any purported prejudice to Plaintiff in the form of delay is

12  of his own making for failing to comply with the terms of the Pre-Filing Litigation

13  Injunction by refusing to seek Court authorization before filing the Complaint.

14      Fourth, Plaintiff's counsel, with no notice, filed a Declaration with this

15  Court on December 17, 2020 stating that he is unavailable because of surgery and

16  recovery time until January 11, 2021—one day before the deadline that certain

17  Defendants' response to the Complaint is due.  *See* Dkt. 30.  That further

18  necessitates this relief because it appears that Defendants' counsel will be unable,

19  or is unwilling, to confer substantively with Plaintiff's counsel concerning their

20  anticipated responses to the Complaint until the very week that those responses are

21  due.  Moreover, Defendants have been diligent in seeking to confer with Plaintiff's

22  counsel concerning the Application, but Plaintiff's counsel failed to respond to

23  Defendants' written request on December 17 for an extension.  In accordance with

24  Local Rule 7-19.1, and, as further detailed in the Declaration of Stanton L. Stein

25  ("Stein Decl."), on December 21, 2020, Defendants' counsel contacted Plaintiff's

26  counsel by telephone to advise him of the Application.  Counsel advised that he

27  opposed the Application, was unable to appear to oppose it because of his medical

28

RUSS, AUGUST & KABAT

1 condition, but could confer with Defendants' counsel the week of January 11,

2 2021.

3     The contact information for Plaintiff's counsel is as follows:  G. Scott Sobel,

4 Law Office of G. Scott Sobel, 1180 S. Beverly Drive, Suite 610, Los Angeles, CA

5 90035; Tel: (310) 422-7067; Fax: (888) 863-5630; email:

6 GScottSobel@gmail.com.

7     This Application is based on this Notice, the accompanying Memorandum of

8 Points and Authorities, the Declaration of Stanton L. Stein with exhibits thereto,

9 and upon such other evidence and arguments as may be presented to the Court

10 prior to or at any hearing on this Application.

11

12

13

RUSS, AUGUST & KABAT

## <u>TABLE OF CONTENTS</u>

**Page**

I.  STATEMENT OF FACTS ...................................................................................9

    A.  The SDNY Action.................................................................................9

    B.  The SDNY Contempt Proceedings For Filing The Complaint...........11

    C.  The CDCA Action .............................................................................13

II.  THE APPLICATION IS PROPERLY BROUGHT ON AN EX
PARTE BASIS................................................................................................14

III.  THE REQUESTED EX PARTE RELIEF IS PROPER ........................15

    A.  Good Cause Exists For Staying Defendants' Deadline to Respond
to the Complaint................................................................................15

    B.  Alternatively, Good Cause Exists to Grant Defendants a 30-
Extension of their Response Deadline ...............................................18

IV.  NOTICE OF APPLICATION ....................................................................20

V.  CONCLUSION.............................................................................................20

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE
ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

5
*Aetna Life Ins. Co v. Alla Medical Servs., Inc.*,
    855 F. 2d 1470 (9th Cir. 1988) ........................................................................15

6
*In re Barrera*,
7
    2016 WL 3004429 (Bankr. C.D. Cal. May 17, 2016) ............................................19

8
*Bradshaw v. City of Los Angeles*,
    No. 2:19-CV-06661-VAP-JC, 2020 WL 2065007 (C.D. Cal. Mar. 23, 2020)......16

9
*Convergence Techs. (USA), LLC v. Microloops Corp.*,
10
    No. 5:10-CV-02051 EJD, 2012 WL 1232187 (N.D. Cal. Apr. 12, 2012) ..............18

11
*Dangtran v. Doctors Associates*,
12
    No. 2:09-cv-01395-MCE-DAD, 2009 WL 10730988 (July 27, 2009)...................17

13
*Hendricks v. Bank of Am., N.A.*,
    408 F.3d 1127 (9th Cir. 2005) ...........................................................................15

14
*Justice v. Luna*,
15
    No. 1:16-mc-0052-AWI-BAM, 2016 U.S. Dist. LEXIS 164557 (E.D. Cal.
    Nov. 29, 2016) ...................................................................................................17

16
*Landis v. N Am. Co.*,
17
    299 U.S. 248 (1936)...........................................................................................15

18
*Lapin v. Shulton, Inc.*,
19
    333 F.2d 169 (9th Cir. 1964) .............................................................................16

20
*Levya v. Crtified Grocers of Cal., Ltd.*,
    593 F.2d 857 (9th Cir. 1979) .............................................................................15

21
*Licea v. Restaurant Leadership Group, LLC*,
22
    No. EDCV 19-1550-GW-SHKx, 2020 WL 6114919 .........................................17

23
*Lodestar Anstalt v. Bacardi & Co. Ltd.*,
24
    No. 2:16-cv-06411-CAS, 2017 WL 3534984 (C.D. Cal. Aug. 14, 2017) ..............15

25
*Mendez-Valenzuela v. Arizona*,
    436 F. App'x 827 (9th Cir. 2011) ......................................................................16

26
*Mission Power Eng'g Co. v. Continental Casualty Co.*,
27
    883 F. Supp. 488 (C.D. Cal. 1995) ....................................................................14

28

RUSS, AUGUST & KABAT

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE
ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

*Peters v. Emp't Dev. Dep't of Calif.*,
No. EDCV 13-01628-VAP, 2014 U.S. Dist. LEXIS 185221 (C.D. Cal. Jan.
23, 2014) (Phillips, J.) ............................................................................... 16

*Rivers* v. *Walt Disney Co.*,
980 F. Supp. 1358 (C.D. Cal. 1997) .......................................................... 16

*Ryan v. Hyden*,
No. 12CV1489-MMA BLM, 2012 WL 4793116 (S.D. Cal. Oct. 9, 2012),
*aff'd*, 582 F. App'x 699 (9th Cir. 2014) .................................................... 17

**Other Authorities**

Fed. R. Civ. P. 12 ............................................................................... 14, 15

Fed. R. Civ. P. 60 ............................................................................... 12, 17

L.R. 6-1 ............................................................................................... 14

L.R. 7-3 ............................................................................................... 19

L.R. 7-19.1 ............................................................................................ 20

L.R. 8-3 ........................................................................................... 13, 19

RUSS, AUGUST & KABAT

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE
ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

Russ, August & Kabat

## MEMORANDUM OF POINTS & AUTHORITIES

### I.    STATEMENT OF FACTS

As discussed below, the Complaint is Plaintiff's attempt to refile, reinstitute, and relitigate various claims and allegations that the SDNY Court previously dismissed with prejudice.  Specifically, the SDNY Court dismissed Plaintiff's prior case on October 11, 2019 because Plaintiff engaged in fabrication of evidence, spoliation of evidence, fraud on the Court, and obstruction.  SDNY Action Dkt. No. 147.  In addition to the terminating and monetary sanctions that the SDNY Court imposed, the Court also issued the Pre-Filing Litigation Injunction, which Plaintiff violated by filing the Complaint and which has led to pending contempt proceedings before the SDNY Court.  As discussed below, these pending proceedings warrant a stay of all deadlines in this case or, in the alternative, a 30-day extension to respond.

### A.    The SDNY Action

In May 2018, Plaintiff filed an action in New York State Court against Brian Graden, Brian Graden Media LLC, Paramount Pictures Corp., ViacomCBS Inc., and Trustees of the Brad Alan Grey Trust ("the "SDNY Defendants") asserting claims of sexual assault, unfair competition, fraud and misappropriation, and federal antitrust violations.  Stein Decl., Ex. E, SDNY Action Dkt. No. 184 at 2.[1] Defendants promptly removed the case to the SDNY Court based on the federal antitrust question that was presented.  *Id.* at 4.  The SDNY Defendants and their counsel (collectively, Defendants in this case) immediately raised concerns to Plaintiff's then counsel and the SDNY Court concerning the authenticity of evidence cited in Plaintiff's complaint, including summaries and excerpts of

---

[1] Defendants attach certain relevant filings from the SDNY Action to the Stein Declaration that are available on the SDNY Action Docket. Should the Court require a formal Request for Judicial Notice for these documents, however, Defendants will so file such a request.

9

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

incriminating email communications, and sought expedited discovery on that issue. *Id.* at 3-5. Notwithstanding these expressed concerns, Plaintiff filed an Amended Complaint that attached approximately 40 purported incriminating email communications that formed the basis of Plaintiff's core allegations and claims. *Id.* at 4-5.

After protracted proceedings, the SDNY Court stayed all deadlines in the SDNY Action and ordered expedited discovery on the issue of authenticity of the evidence that Plaintiff put forward to the Court, including the emails Plaintiff appended to his Amended Complaint. *Id.* at 6-7. After a hearing on October 11, 2019, the SDNY Court found that Plaintiff had fabricated and destroyed critical evidence, including the email communications appended to the Amended Complaint, and lied to the Court. *Id.* at 14-17. Specifically, the SDNY Court determined, "under a clear and convincing evidence standard, that Mr. Carrington ha[d] sentiently set in motion some unconscionable scheme, calculated to interfere with the judicial system's ability impartially to adjudicate the action." Stein Decl. Ex. C, Oct. 11, 2019 Hearing Tr. at 48:25-49:4.

The Court added that, "whether I had this as a preponderance or a clear and convincing [standard], I have to find, I do find, that these emails were fabricated, and that was bad enough, but the deactivation of the accounts, the efforts undertaken to really foreclose what is necessary discovery in this case, and the stream of lies to me, necessitate the sanctions that I am imposing." *Id.* at 46:6-12; *see also id.* at 49:21-23 (noting that Carrington "engaged in a course of conduct goes against everything that I have [] to preserve as a judge."). On that basis, the SDNY Court granted terminating sanctions, dismissed the SDNY Action with prejudice, and awarded attorneys' fees and costs. Stein Decl. Ex. E, SDNY Action Dkt. No. 184 at 1-2, 15-17.

On September 11, 2020, the SDNY Court entered the Pre-Filing Litigation Injunction against Plaintiff. Stein Decl. Ex. D, SDNY Action Dkt. No. 180. This

10

RUSS, AUGUST & KABAT

1   was based on Plaintiff's litigation history, including a separately dismissed action

2   that Plaintiff filed against one Defendant, and his threats to commence this very

3   action.  *Id.* at 10-14.  Specifically, on August 27, 2020, Plaintiff, through his

4   counsel in this case, issued a settlement demand letter that threatened legal action

5   against Defendants, which regurgitated allegations that were raised and rejected in

6   the SDNY Action.  *Id.* at 9-10.  Defendants sought the Pre-Filing Litigation

7   Injunction based in part on this settlement demand, which the SDNY Court

8   characterized as Plaintiff's attempt "to bring another lawsuit alleging substantially

9   overlapping claims in another jurisdiction."  *Id.* at 1.

10          After providing Mr. Carrington and his counsel an opportunity to be heard,

11   the SDNY Court entered the Pre-Filing Litigation Injunction.  *Id.* The terms of the

12   Pre-Filing Litigation Injunction are clear—it prohibits Plaintiff from "commencing

13   without express prior leave of this Court, any new action in federal or state court

14   arising from or related to the same subject matter that was addressed in the instant

15   action."  *Id.* at 2.

16      **B.     The SDNY Contempt Proceedings For Filing The Complaint**

17          Despite receiving full notice and copies of the Pre-Filing Litigation

18   Injunction, Plaintiff filed the Complaint in clear violation of its terms.  Dkt. No. 1.

19   The Complaint's claims and allegations against Defendants fall squarely within the

20   scope of the Pre-Filing Litigation Injunction and it is undisputed that Plaintiff did

21   not seek or obtain permission from the SDNY Court before filing it.  As

22   threatened, the Complaint names each of the Defendants and the allegations all

23   arise from and relate to subjects that were addressed in the SDNY Action, and that

24   ultimately were rejected and dismissed with prejudice.  Plaintiff concedes the

25   factual overlap in the Complaint by alleging that "Defendants placed an injunction

26   *against Carrington filing the present action*," Compl. ¶ 221, and that "[i]t is true

27   that Carrington is also *again attempting to litigate his sex abuse claims*," Compl. ¶

28   69 (emphasis added).  In addition, the Complaint seeks to overturn the very Orders

RUSS, AUGUST & KABAT

11

1   that the SDNY Court entered, including the Court's Order of Dismissal, *see, e.g.,*

2   Compl. ¶¶ 222-46, 319 (seeking declaratory judgment that the SDNY Court's prior

3   Orders are void on various grounds), which is clearly improper.[2]

4          On November 3, 2020, Defendants commenced civil contempt proceedings

5   against Plaintiff and his counsel for violating the Pre-Filing Litigation Injunction

6   through their filing of the Complaint.  Stein Decl. Ex. F, SDNY Action Dkt. No.

7   193.  Notwithstanding that the Complaint is already barred by the plain terms of

8   the Pre-Filing Litigation Injunction, Defendants seek in those contempt

9   proceedings a further Order compelling Plaintiff to dismiss the Complaint with

10  prejudice.  Plaintiff and his counsel have responded principally by challenging the

11  validity of the SDNY Court's prior orders despite never filing an appeal or timely

12  seeking reconsideration.  *See* SDNY Action Dkt. Nos. 196, 198, 204.  In addition

13  to challenging the contempt proceedings, Plaintiff filed a belated application with

14  the SDNY Court to overturn all of the Court's prior Orders pursuant to Federal

15  Rule of Civil Procedure 60.  *See* Stein Decl. Ex. G, SDNY Action Dkt. No. 197.

16  That application directly overlaps with the core relief that Plaintiff seeks in this

17  action and is based on Plaintiff's same allegations of procedural deficiencies in the

18  SDNY Action.  *See*, *e.g.*, Compl. ¶¶ 222-46 (seeking declaratory judgment that the

19  SDNY Court's prior Orders are void).  Both matters are fully briefed as of

20  December 14, 2020 and the parties await a decision or further direction from the

21  SDNY Court.

22

23

24  ───────────────

25  [2] Plaintiff's filed a Notice of Pendency of Other Actions or Proceedings that
    purports to disclose the SDNY Action as a related case.  This notice is grossly
26  misleading as it omits any reference to the Pre-Filing Litigation Injunction, the
    pending civil contempt proceedings against Plaintiff, or the pending Rule 60
27  proceedings that Plaintiff initiated.  Defendants are accordingly filing a Notice of
    Pendency of Other Actions or Proceedings.

28

RUSS, AUGUST & KABAT

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

## C.    The CDCA Action

Meanwhile, in this action (the "CDCA Action"), Plaintiff's counsel sent Defendants Waivers of Service and Defendants agreed to waive personal service on December 11, 2020.  In accordance with the dates of Plaintiff's waiver forms, the current response deadline for Brian Graden, Brian Graden Media LLC, Stanton L. Stein, and Russ August & Kabat is January 12, 2021, and for Diana Sanders, Trustees of the Brad Alan Grey Trust, Wook Hwang, Loeb & Loeb LLP, ViacomCBS Inc., Paramount Pictures Corp., Christopher LaVigne, Stephen Fishbein, Shearman & Sterling LLP, is January 15, 2021. Stein Decl. ¶ 4.

On the afternoon of December 17, 2020, Mr. Sobel, with no prior notice, filed a Notice of Unavailability stating that he will be unavailable due to a scheduled surgery starting the following day "with an anticipated return to work on January 11, 2021."  Dkt. No. 30.  Defendants immediately sent Mr. Sobel an email requesting an extension of 30-days by which to respond to the Complaint in accordance with Local Rule 8-3; stating that they were sending the request to ensure he received it before his surgery.  *See* Stein Decl. ¶ 2., Ex. A.   Defendants also explained that they anticipate filing documents that may require prior conferral with counsel, so the extension would also provide the opportunity for the parties to confer upon his return.  *Id.*  Plaintiff's counsel did not respond.  *Id.*  Out of an abundance of caution, Defendants again contacted Plaintiff's counsel on December 21, 2020 (by telephone) to advise him of this Application.  Stein Decl. ¶¶ 3-4. Plaintiff's counsel answered; stated that he was recovering from surgery; advised that he opposed the Application but could not appear to contest it; offered to confer with Defendants' counsel the week of January 11, 2020; and proposed an extension until January 16, 2021.  *Id.*  Plaintiff's counsel then sent a follow-up letter confirming that he opposed any extension beyond January 16, 2021.  Stein Decl. ¶ 5, Ex. B.  Counsel characterized this as an "accommodation," but it is no

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

RUSS, AUGUST & KABAT

1  such thing—that date is a Saturday, the day after Defendants' responses are due.

2  *Id*.

3  ## II.    THE APPLICATION IS PROPERLY BROUGHT ON AN EX PARTE

4  **BASIS**

5  In *Mission Power Eng'g Co. v. Continental Casualty Co.*, 883 F. Supp.

6  488, 492 (C.D. Cal. 1995), the District Court set forth a two-part test for

7  determining whether a moving party is entitled to *ex parte* relief. The moving

8  party must show (1) that its "cause will be irreparably prejudiced if the underlying

9  motion is heard according to regular noticed motion procedures"; and (2) that the

10  moving party is "without fault in creating the crisis that requires *ex parte* relief, or

11  that the crisis occurred as a result of excusable neglect." *Id.*

12  The Application meets both of these criteria.

13  <u>First</u>, Defendants have no alternative but to proceed *ex parte*.  The entire

14  grounds for Defendants' relief—a stay or, in the alternative, a 30-day extension—

15  would be foreclosed and prejudiced if noticed motion procedures were followed.

16  This is because under standard motion procedures, Defendants' application would

17  not be heard for at least 28 days (*see* Local Rule 6-1), which is after the deadline

18  for Defendants to respond to the Complaint.  More fundamentally, as set forth in

19  greater detail in Section III.a, *infra*, Defendants are forced to defend a Complaint

20  that is barred by the Pre-Filing Litigation Injunction.  If necessary, Defendants

21  intend to seek to dismiss and/or transfer the Complaint on multiple grounds—

22  including that it is an impermissible collateral attack on the SDNY Court's Order

23  of Dismissal and related Orders, that it should be heard by the SDNY Court given

24  the clear factual overlap between the two cases and the priority and deference that

25  is owed to the SDNY Court, that it is barred by principles of *res judicata* and

26  issue preclusion, that it fails to state a claim upon which relief can be granted, and

27  other grounds under Rule 12 and otherwise.  All of these grounds for dismissal

28  and transfer are expressly reserved but may be wholly unnecessary depending on

RUSS, AUGUST & KABAT

14

the outcome of the pending contempt and related proceedings in the SDNY Court.[3]

Second, as discussed above, Defendants were diligent in attempting to contact Plaintiff's counsel less than a week after waiving service in an effort to seek a stipulation to an extension of the responsive pleading deadline. With no forewarning, however, Mr. Sobel filed the Declaration of Unavailability, failed to respond to Defendants' written request, and then opposed Defendants' Application without specifying any reason and indicated that he could only confer the very week that Defendants' responses are due.

## III.    THE REQUESTED EX PARTE RELIEF IS PROPER

### A.    Good Cause Exists For Staying Defendants' Deadline to Respond to the Complaint

It is well settled that courts have "the power to stay proceedings," which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N Am. Co.*, 299 U.S. 248, 254 (1936); *see also Levya v. Crtified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). As this Court has recognized,

---

[3] This Application does not waive any objections or requests for future relief Defendants may assert under Federal Rule of Civil Procedure 12 or any other grounds in a future responsive pleading. All such objections and defenses are expressly reserved. *See*, *e.g.*, *Hendricks v. Bank of Am., N.A.*, 408 F.3d 1127, 1135 (9th Cir. 2005) (finding defendant did not waive Rule 12 defenses because it raised them in a timely manner in its first responsive pleading after securing several reasonable extensions); *Aetna Life Ins. Co v. Alla Medical Servs., Inc.*, 855 F. 2d 1470, 1474-75 (9th Cir. 1988) (finding that a motion to stay falls outside of Rule 12 restrictions and accordingly does not waive Rule 12 defenses); *Lodestar Anstalt v. Bacardi & Co. Ltd.,* No. 2:16-cv-06411-CAS (FFMx), 2017 WL 3534984, at *7 (C.D. Cal. Aug. 14, 2017) ("[f]iling a non-Rule 12 motion—such as *motion to stay or transfer*—will not itself trigger waiver under Rule 12(h)(1)") (internal quotations or citations omitted) (emphasis in original).

15

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

> [a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court.

*Bradshaw v. City of Los Angeles*, No. 2:19-CV-06661-VAP-JC, 2020 WL 2065007, at *4–5 (C.D. Cal. Mar. 23, 2020) (*quoting Leyva*, 593 F.2d at 863). Courts generally consider three factors when determining whether a stay is appropriate:  "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation."  *Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Each of these factors favors a stay pending resolution of the contempt issue in the SDNY Action.

<u>First</u>, and most obvious, granting a stay will conserve judicial resources, promote the interests of federal comity, and avoid duplicative litigation.  It is a bedrock principle of comity that one district court must give another district court's injunction "full force and effect, irrespective of the reasons upon which it is based." *Lapin v. Shulton, Inc*., 333 F.2d 169, 172 (9th Cir. 1964).  Ninth Circuit courts, including this Court, have applied this long-standing principle to hold that "[a] pre-filing order issued by one district court is enforceable in, and indeed must be enforced by, all other district courts." *Peters v. Emp't Dev. Dep't of Calif.*, No. EDCV 13-01628-VAP (OPx), 2014 U.S. Dist. LEXIS 185221, at *39 n.6 (C.D. Cal. Jan. 23, 2014) (Phillips, J.); s*ee also, e.g., Mendez-Valenzuela v. Arizona*, 436 F. App'x 827, 828 (9th Cir. 2011) (affirming district court's dismissal of case where plaintiff "failed to comply with the vexatious litigant orders entered against

16

her"); *Justice v. Luna*, No. 1:16-mc-0052-AWI-BAM, 2016 U.S. Dist. LEXIS 164557, at *3-4 (E.D. Cal. Nov. 29, 2016); *Ryan v. Hyden*, No. 12CV1489-MMA BLM, 2012 WL 4793116, at *3 (S.D. Cal. Oct. 9, 2012), *aff'd*, 582 F. App'x 699 (9th Cir. 2014).

Enforcement of the Pre-Filing Litigation Injunction is squarely at issue in the contempt proceedings currently pending in the SDNY Court. And further still, Plaintiff has filed a Rule 60 Motion in the SDNY Court to challenge the same SDNY Court Orders that he impermissibly seeks to overturn through the Complaint. *Compare* Compl. ¶¶ 222-246, 319 (seeking *vacatur* of all of the SDNY Court's prior Orders on grounds that they are "void"), 319 (same), *with* Stein Decl. Ex. G, SDNY Action Dkt. No 197. Because parallel proceedings are pending before the SDNY Court to address Plaintiff's contemptuous conduct and the validity of the same Orders that Plaintiff challenges in the Complaint, a stay in this Court will conserve judicial resources and avoid duplicative litigation. The SDNY proceedings very well may lead to dismissal of the Complaint or limit the claims to which Defendants must respond, which weighs in favor of a stay. *See, e.g.*, *Licea v. Restaurant Leadership Group, LLC,* No. EDCV 19-1550-GW-SHKx, 2020 WL 6114919, at *2 (granting stay pending resolution of dispute in parallel federal action because "the ruling could be instructive to the Court and the parties here"); *Dangtran v. Doctors Associates,* No. 2:09-cv-01395-MCE-DAD, 2009 WL 10730988, at *1 (July 27, 2009) (finding that a stay "would promote judicial efficiency not to have two parallel actions proceeding forward at the same time in different courts"). Defendants therefore respectfully submit that the SDNY Court should be given the opportunity to act on, rule upon, and enforce its own Orders. And, the interests of judicial efficiency, comity, and the avoidance of duplicative litigation will best be served by granting a stay.

Second, it will be inequitable and an unnecessary hardship on Defendants if a stay is not granted. Defendants spent over 16 months and hundreds of thousands

17

RUSS, AUGUST & KABAT

of dollars litigating the SDNY Action, getting a dismissal with prejudice, and obtaining the Pre-Filing Litigation Injunction to prevent Plaintiff from filing this very suit.  Stein Decl. Ex. E, SDNY Action Dkt. No. 184 at 1-2; Ex. D, SDNY Action Dkt. No. 180, at 1-2, 9-10.  Requiring Defendants to respond substantively before the SDNY Court considers appropriate sanctions and relief will undermine one of the main reasons the Pre-Filing Injunction was sought and obtained in the first place, *i.e.* to avoid having to deal with duplicative litigation.  No such response may even be necessary due to the pending contempt and related proceedings.

Third, a stay would not cause Plaintiff any meaningful prejudice.  To the extent there is some delay in resolving Plaintiff's claims, courts consistently hold that such delay is not sufficiently prejudicial to warrant denial of a stay.  *See Convergence Techs. (USA), LLC v. Microloops Corp.*, No. 5:10-CV-02051 EJD, 2012 WL 1232187, at *2 (N.D. Cal. Apr. 12, 2012) ("[D]elay is an unavoidable consequence to any stay, and numerous courts have determined that a general claim of delay is not enough on its own to constitute undue prejudice.").  Further, this case is in its earliest stages, no other parties have even appeared or filed responsive pleadings, and no deadlines have been set by the court.  And finally, any purported prejudice to Plaintiff is entirely of his own making for failing to seek proper leave of Court before filing the Complaint.

**B.    Alternatively, Good Cause Exists to Grant Defendants a 30-Extension of their Response Deadline**

As an alternative to a stay, Defendants respectfully request a 30-day extension to respond to the Complaint, with permission to seek leave for additional time if the SDNY Court has not ruled on the contempt and related proceedings.  This request should be granted for multiple reasons.

*First*, such extensions are provided as a matter of professional courtesy by counsel.  Indeed, the Local Rules provide that such stipulations do not even need to

18

RUSS, AUGUST & KABAT

be approved by the Court.  *See* C.D. Cal. Local Rule 8-3.  Further, Section B.2. of the Central District's Civility and Professionalism Guidelines, states in pertinent part:  "Unless time is of the essence, as a matter of courtesy we will grant first requests for reasonable extensions of time to respond to litigation deadlines."  *See In re Barrera,* 2016 WL 3004429, at *2 (Bankr. C.D. Cal. May 17, 2016) (stating counsel should be able to agree to a reasonable extension of time to respond to a complaint "without attaching any extraneous conditions").  And when raised to the Court, such requests for extensions are routinely granted and are the proper subject of *ex parte* requests.  *See generally* Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 8-D ("Requests for initial extensions should not be unreasonably refused . . . particularly because courts routinely grant initial extensions").  Though Plaintiff's counsel opposed this request, he offered no reason for doing so and did not identify any prejudice stemming from a 30-day extension.

*Second*, as noted above, this case is in its earliest stages.  No other parties have yet appeared, there have been no scheduling orders or case-related deadlines, and no other extensions have been requested by Defendants.  Nor will any extension prejudice Plaintiff as the SDNY Court will soon be deciding if the Complaint is even permitted to proceed.

*Third*, an extension is especially appropriate in light of Mr. Sobel's stated unavailability until January 11, 2021.  The additional time will afford the parties the opportunity to hold the meet-and-confer required by Local Rule 7-3 in advance of Defendants' anticipated motion(s) in response to the Complaint.  As things now stand, it appears that Plaintiff's counsel can only (or will only) confer substantively regarding this case starting the week that Defendants' responses are due.

*Fourth*, an extension of 30-days may be sufficient time for the SDNY Court to resolve the pending proceedings that are before it and which may obviate the need for any response.

RUSS, AUGUST & KABAT

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

## IV. NOTICE OF APPLICATION

In accordance with Local Rule 7-19.1, and as further detailed in the Stein Declaration, on December 21, 2020, Defendants contacted Plaintiff's counsel, G. Scott Sobel, by phone and stated the nature of the instant *ex parte* application and relief sought.  Stein Decl. ¶¶ 3-4. As discussed above, Plaintiff's counsel opposes this Application. *Id.* ¶¶ 3-5, Ex. B.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant the Application and stay Defendants' deadlines to respond to the Complaint pending resolution of the contempt and related issues pending in the SDNY Action or, alternatively, grant Defendants a 30-day extension on their responsive pleading deadlines.

DATED: December 22, 2020      RUSS, AUGUST & KABAT

By:*/s/* Stanton L. Stein
Stanton L. Stein


*/s/* Diana A. Sanders
Diana A. Sanders

Attorneys for Brian Graden, Brian Graden Media LLC, and Russ August & Kabat, Stanton L. Stein and Diana Sanders

DATED: December 22, 2020      SHEARMAN & STERLING LLP

By:*/s/* John F. Cove
John F. Cove

Attorneys for ViacomCBS Inc., Paramount Pictures Corp., Shearman & Sterling LLP, Stephen Fishbein, Christopher LaVigne

RUSS, AUGUST & KABAT

JOINT EX PARTE APPLICATION FOR STAY OF DEADLINE TO RESPOND TO COMPLAINT OR, IN THE ALTERNATIVE, 30 DAY EXTENSION ON DEADLINE TO RESPOND TO COMPLAINT

DATED: December 22, 2020       LOEB & LOEB LLP

                               By:/s/ David Grossman
                               David Grossman

                               Attorneys for Trustees of the Brad Alan
                               Grey Trust, Loeb & Loeb LLP,  and Wook
                               Hwang

**Pursuant to Local Rule 5-4.3.4(a)(2), I, Stanton L. Stein, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

1

## CERTIFICATE OF SERVICE

I certify that counsel of record who are deemed to have consented to electronic service are being served on December 22, 2020, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3).  Any other counsel will be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ Stanton L. Stein

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Document1

1

**CERTIFICATE OF SERVICE**