EXHIBIT F

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROVIER CARRINGTON,<br><br>       *Plaintiff,*<br><br>     v.<br><br>BRIAN GRADEN, BRIAN GRADEN MEDIA, LLC, VIACOMCBS INC., VIACOM INTERNATIONAL, INC., PARAMOUNT PICTURES CORPORATION, BRAD GREY, BRAD GREY ESTATE, BRAD ALAN GREY TRUST,<br><br>       *Defendants.* | Case No. 18-cv-04609 (KPF)<br><br>The Honorable Katherine Polk Failla |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' APPLICATION FOR AN ORDER TO SHOW CAUSE WHY PLAINTIFF ROVIER CARRINGTON AND <u>G. SCOTT SOBEL, ESQ. SHOULD NOT BE HELD IN CIVIL CONTEMPT</u>**

**Exhibit F-1**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 3 of 23    Page ID
#:975
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 2 of 22

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ............................................................................ ii

PRELIMINARY STATEMENT ......................................................................1

STATEMENT OF FACTS ..............................................................................2

ARGUMENT ...................................................................................................5

I.    Messrs. Carrington and Sobel Should Be Found in Civil Contempt .......................5

    A.    Legal Standard ..................................................................5

    B.    The Elements of Civil Contempt are Satisfied .............................6

II.    The Proper Remedy is Dismissal of the CDCA Complaint With Prejudice, Mr. Sobel's Withdrawal as Counsel, Incarceration or Fines for Non-Compliance, and Attorneys' Fees ....................................9

CONCLUSION................................................................................................16

i

**Exhibit F-2**

## <u>TABLE OF AUTHORITIES</u>

**Page**

**Cases**

*In re 1990's Caterers Ltd.*, 531 B.R. 309 (Bankr. E.D.N.Y. 2015) .................................................. 13

*A.V. By Versace, Inc. v. Gianni Versace, S.p.A.*, 279 F. Supp. 2d 341 (S.D.N.Y. 2003) ................................................................................................ 14

*Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d 203 (S.D.N.Y. 2020) ................................................................. 6, 7, 8, 9, 10

*Buhannic v. TradingScreen Inc.,* No. 19 Civ. 10650 (ER), 2020 WL 4058949 (S.D.N.Y. July 20, 2020) .................................................................... 11

*CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91 (2d Cir. 2016) ........................................ 6

*ComLab, Corp. v. Kal Tire,* No. 17-CV-1907 (KPF), 2018 WL 4333987 (S.D.N.Y. Sept. 11, 2018), *aff'd*, 815 F. App'x 597 (2d Cir. 2020) ......................................... 12

*Cooke v. United States*, 267 U.S. 517 (1925) ................................................................................ 9

*Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106 (2d Cir. 1987) ................................... 15

*EEOC v. Local 28, Sheet Metal Workers Int'l Ass'n*, 247 F.3d 333 (2d Cir. 2001) ................... 6, 9

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709 (2d Cir. 2019), *cert. denied sub nom. Weisskopf v. Jewish Agency for Israel*, 140 S. Ct. 380 (2019) .......................................... 6

*Friedman v. Wallach*, No. 03 Civ. 7118 GEL AJP, 2004 WL 1834274 (S.D.N.Y. Aug. 17, 2004) .......................................................................................... 10, 12

*Klapper v. Verizon Commc'ns, Inc.*, No. 02 CIV. 3262 (WK), 2002 WL 1580019 (S.D.N.Y. July 16, 2002), *aff'd in part, appeal dismissed in part*, 70 F. App'x 44 (2d Cir. 2003) ................................................................................................ 10

*Klayman v. Kollar-Kotelly,* No. 12-5340, 2013 WL 2395909 (D.C. Cir. May 20, 2013) ................................................................................................ 12

*Lipin v. Hunt*, No. 14-CV-1081 RJS, 2015 WL 1344406 (S.D.N.Y. Mar. 20, 2015) ................................................................................................ 11, 14

*Manwani v. Brunelle,* 99 F.3d 400 (2d Cir. 1995) ................................................................ 12

*In re Martin-Trigona*, 9 F.3d 226 (2d Cir. 1993) ..................................................................... 6

*N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339 (2d Cir. 1989) ................................. 16

**Exhibit F-3**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 5 of 23    Page ID
#:977
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 4 of 22

*Nemaizer v. Baker*, 793 F.2d 58 (2d Cir. 1986) ............................................................11

*Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53 (2d Cir. 1982) ....................16

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) ....................................................9

*In re Rosebar*, 505 B.R. 82 (Bankr. D.D.C. 2014) ..........................................................9

*Safir v. United States Lines Inc.*, 792 F.2d 19 (2d Cir. 1986) ........................................6

*SEC v. Bilzerian,* 613 F. Supp. 2d 66 (D. D.C. 2009), *aff'd*, 410 F. App'x 346
    (D.C. Cir. 2010) ................................................................................................9, 10, 15

*SEC v. Bilzerian*, 641 F. Supp. 2d 16 (D.D.C. 2009), *aff'd*, 410 F. App'x 346
    (D.C. Cir. 2010) ...........................................................................................................15

*SEC v. Bilzerian,* No. 89-CV-01854 (RCL) (D.D.C. May 11, 2009), Dkt. 986 ............15

*Sepehry-Fard v. Select Portfolio Servicing, Inc.*, No. 14-CV-05142-LHK, 2016
    WL 4436312 (N.D. Cal. Aug. 23, 2016) ....................................................................12

*In re Tronox Inc.,* 549 B.R. 21 (S.D.N.Y. 2016) ............................................................10

*Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126 (2d Cir. 1979) ....................16

*Weitzman v. Stein*, 98 F.3d 717 (2d Cir. 1996) ..............................................................16

**Statutes & Rules**

18 U.S.C. § 401 .................................................................................................................16

Fed. R. Civ. P. 65(d)(2)(B) .................................................................................................9

Fed. R. Crim. P. 42(b) .....................................................................................................16

S.D.N.Y. Local Rule 83.6(c)(5) .......................................................................................14

**Exhibit F-4**

Defendants respectfully submit this memorandum of law in support of their application

for an order to show cause why Plaintiff Rovier Carrington and his counsel, G. Scott Sobel, Esq.,

should not be held in civil contempt for violating the Court's September 11, 2020 Order and

permanent injunction (the "Permanent Injunction").  Dkt. No. 180.

## PRELIMINARY STATEMENT

Plaintiff Rovier Carrington's litigation misconduct continues.  It is now established fact

that Mr. Carrington falsified and fabricated critical email communications that he appended to

the Amended Complaint in this case (the "SDNY Action") and lied about their provenance in

various representations to the Court.  This caused the Court to dismiss the SDNY Action with

prejudice and to impose sanctions in the form of hundreds of thousands of dollars in attorneys'

fees in a September 28, 2020 Opinion and Order.  Dkt. No. 184.

Just last week, Mr. Carrington and his new counsel, G. Scott Sobel, carried through on a

threat to file a complaint in the Central District of California (the "CDCA Complaint") against

Defendants and third parties, which raises the same basic claims as the SDNY Action.  Filing the

CDCA Complaint was a direct violation of the Permanent Injunction, which expressly prohibited

Messrs. Carrington and Sobel from commencing any such action "without the prior authorization

of this Court."  Dkt. 180 at 14.  Messrs. Carrington and Sobel were served a copy of the

Permanent Injunction, reviewed and understood it, and nonetheless filed the CDCA Complaint in

willful disregard of its express terms.  This is outrageous conduct that once again threatens the

integrity of the judicial process.

We request that this Court hold both Messrs. Carrington and Sobel in civil contempt of

Court; order them to withdraw the CDCA Complaint with prejudice; order Mr. Sobel to

withdraw as counsel of record in the CDCA case and related cases; impose fines and/or

incarceration if Messrs. Carrington and Sobel refuse to purge the contempt or comply with the

**Exhibit F-5**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 7 of 23    Page ID
#:979
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 6 of 22

Court's Order of contempt; and award attorneys' fees.  Attached to this application is a Proposed

Order to Show Cause, directing Messrs. Carrington and Sobel to appear before this Court and

show cause as to why an Order of contempt and the above sanctions should not be imposed.

## STATEMENT OF FACTS

In the SDNY Action, Plaintiff Rovier Carrington asserted claims of sexual assault, unfair

competition, fraud and misappropriation of his alleged work, and federal antitrust violations.

Within days of filing the SDNY Action, Defendants raised concerns to Mr. Carrington's then

counsel (the Landau Group) about the authenticity of certain evidence cited in the Complaint.

*See* Dkt. No. 180 at 2-3.  Rather than engage on these issues, Mr. Carrington and the Landau

Group doubled down, filed an Amended Complaint, and attached 40 separate email

communications that purported to confirm Carrington's salacious allegations of sexual abuse,

attempted cover-ups, and blacklisting.  Dkt. No. 35.

Consistent with discovery practice regarding potential fraud on the Court, the Court

ordered expedited discovery into the authenticity of these email communications in August 2018.

*See* Dkt. No. 180 at 3.  What ensued was a "15-month saga investigating the provenance of the

challenged emails."  *Id.*  The delay in this investigation was due to Mr. Carrington's obstructive

conduct, including his spoliation of evidence, failure to appear at proceedings, and flouting of the

Court's and counsel's preservation orders.  By mere way of example, Carrington deactivated the

entire content of the key email account from which many of the allegedly incriminating emails

were purportedly sent, just one day after filing the Amended Complaint (Dkt. No. 124-17);

discarded the lone device he (falsely) claimed was used to send and receive these email

communications (Feb. 7, 2019 Tr. at 11:5-12:21); and refused to appear at the October 11, 2019

sanctions hearing despite being ordered to do so (Dkt. No. 180 at 3-4).

**Exhibit F-6**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 8 of 23    Page ID
#:980
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 7 of 22

After extensive briefing and argument, the Court found that Mr. Carrington fabricated

and destroyed critical evidence in the case and lied to the Court.  The Court determined: "under a

clear and convincing evidence standard, that Mr. Carrington ha[d] sentiently set in motion some

unconscionable scheme, calculated to interfere with the judicial system's ability impartially to

adjudicate the action."  Oct. 11, 2019 Hearing Tr. at 48:25-49:4.  The Court further concluded:

"whether I had this as a preponderance or a clear and convincing [standard], I have to find, I do

find, that these emails were fabricated, and that was bad enough, but the deactivation of the

accounts, the efforts undertaken to really foreclose what is necessary discovery in this case, and

the stream of lies to me, necessitate the sanctions that I am imposing."  *Id*. at 46:6-12; *see also*

*id*. at 49:21-23 (noting that Carrington "engaged in a course of conduct that is itself egregious,

and that goes against everything that I have [] to preserve as a judge.").  Accordingly, the Court

dismissed the action with prejudice and permitted Defendants to submit applications for

attorneys' fees and costs.  Dkt. No. 147. [1]  Defendants submitted their respective fee applications

on December 2, 2019.  *See* Dkt. Nos. 151-58.

On August 28, 2020, nearly ten months after the Court issued the above terminating

sanctions, Mr. Carrington (through his now third counsel, G. Scott Sobel), sent a "settlement

demand" letter to counsel for Defendants and to third parties, threatening prospective legal action

should the recipients not pay $350,000,000, which Carrington "would consider."  Dkt. No. 174-3

at 20.  The letter regurgitated the same core allegations and claims that had previously been

---

[1] The very same day of the sanctions hearing, Mr. Carrington filed a temporary restraining order ("TRO") petition in the Superior Court of California, County of Los Angeles, against Defendant Brian Graden.  The TRO alleged that between October 3, 2019 and October 9, 2019, Graden made telephonic threats to Carrington that prevented Carrington from attending the sanctions hearing.  In making his TRO petition, Carrington once again fabricated evidence in the form of spoofed telephone records.  *See* Dkt. No. 174-1.  On February 10, 2020, the Superior Court held a hearing regarding Carrington's request for a restraining order.  As in this action, Carrington failed to appear and the Superior Court dismissed the case with prejudice and permitted filings for potential sanctions against Carrington and his attorney at the time.  *See* Dkt. No. 174-2.

**Exhibit F-7**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 9 of 23    Page ID
#:981
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 8 of 22

raised against Defendants and dismissed.  *See* Dkt. No. 180 at 9-10 (explaining that the

allegations in Mr. Sobel's demand letters "in large measure" "replicate those in the Amended

Complaint").  The settlement demand had a "deadline" of September 4, 2020.

Defendants promptly submitted a letter to the Court requesting an expedited pre-motion

conference to seek an injunction against Mr. Carrington that would prevent him from carrying

through on this threat.  Dkt. No. 174.  The Court scheduled a telephonic conference for

September 10, 2020 "to discuss Plaintiff's recent conduct and Defendants' request for an

injunction."  Dkt. No. 176.  Defendants' counsel sent to Messrs. Carrington and Sobel copies of

all papers that counsel filed regarding this application and of the September 8, 2020 Order that

set a telephonic conference.  Declaration of Christopher LaVigne ("LaVigne Decl.") at ¶¶ 5-11.

In response, Mr. Sobel wrote that he would not participate in the conference.  *Id.* at ¶ 8, Ex. C.

Defendants' counsel advised Mr. Sobel via email that the relief sought at the conference "would

preclude you from filing the action you threatened in your August 27, 2020 letter."  *Id.* at ¶ 9, Ex.

D.  Mr. Sobel responded with another letter, in which he again threatened to commence an

imminent action on behalf of Mr. Carrington and claimed that "[t]here is nothing a District Court

judge in SDNY can do to prevent new charges filed against" certain defendants.  *Id.* at ¶ 10; Dkt.

No. 178-2 at 3.

On September 10, 2020, Defendants attended the Court-Ordered telephonic conference

and requested an injunction.  Neither Mr. Carrington nor Mr. Sobel appeared.  On September 11,

2020, the Court issued the Permanent Injunction, "enjoining [Carrington] from commencing,

without express prior leave of this Court, any new action in federal or state court arising from or

**Exhibit F-8**

relating to the same subject matter that was addressed in the instant action." Dkt. No. 180 at 2. The Permanent Injunction was promptly served on both Mr. Carrington and Mr. Sobel.[2]

On October 26, 2020, Mr. Carrington, through Mr. Sobel, filed the CDCA Complaint in the Central District of California, Western Division. *See* LaVigne Decl., Ex. H. As detailed below, the CDCA Complaint regurgitates and rehashes allegations that Carrington raised throughout the course of this action and that Mr. Sobel threatened in his recent settlement demand letters. The allegations in the CDCA Complaint are "arising from or relating to the same subject matter that was addressed in the instant action." Dkt. No. 180 at 2. Messrs. Carrington and Sobel expressly acknowledge as much by alleging that "Judge Failla and Defendants placed an injunction against Carrington filing the present action." LaVigne Decl., Ex. H at ¶ 221. At no point before filing the CDCA Complaint did Mr. Carrington or Mr. Sobel seek authorization from this Court to do so, which the Permanent Injunction requires. Dkt. No. 180 at 14; LaVigne Decl. at ¶ 18.

## **ARGUMENT**

## I.    **Messrs. Carrington and Sobel Should Be Found in Civil Contempt**

### A.    **Legal Standard**

"A court may hold a party in civil contempt for failure to comply with a court order if '(1) the order the party failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the party has not diligently attempted to comply

---

[2] The Court mailed a copy of the Permanent Injunction to Mr. Carrington on September 11, 2020. Pursuant to the Court's request that Defendants "serve [the Permanent Injunction] on Carrington and his current counsel by whatever means they have used to communicate with each of them in the past" (Dkt. 180 at 14), counsel emailed a copy of the Permanent Injunction to both Carrington and Mr. Sobel on the same day. *See* LaVigne Decl. at ¶ 14, Ex. F. In addition, the Permanent Injunction was personally served on an associate of Mr. Carrington on or about September 22, 2020 at the address that appears on the docket for Mr. Carrington, and it was separately mailed to Carrington at that same address. *See* LaVigne Decl. at ¶ 15, Ex. G.

**Exhibit F-9**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 11 of 23    Page
ID #:983
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 10 of 22

in a reasonable manner.'"  *Al Hirschfeld Found. v. Margo Feiden Galleries Ltd.*, 438 F. Supp. 3d

203, 207 (S.D.N.Y. 2020) (quoting *CBS Broadcasting Inc. v. FilmOn.com, Inc.*, 814 F.3d 91, 98

(2d Cir. 2016)).  "Civil contempt sanctions may serve either or both of two purposes:  They may

be coercive, to secure compliance with court orders, or they may be compensatory, to make

whole the party who has been wronged."  *Al Hirschfeld Found.*, 438 F. Supp. 3d at 207.  A

district court has "broad discretion to fashion an appropriate coercive remedy . . . based on the

nature of the harm and the probable effect of alternative sanctions."  *EEOC v. Local 28, Sheet

Metal Workers Int'l Ass'n*, 247 F.3d 333, 336 (2d Cir. 2001) (internal quotation marks and

citation omitted).

     **B.**     **The Elements of Civil Contempt are Satisfied**

     It is beyond dispute that Messrs. Carrington and Sobel violated the Permanent Injunction

and that all elements of civil contempt are satisfied.

     **1.**   **The Permanent Injunction is "Clear and Unambiguous"**

     The Permanent Injunction is "clear and unambiguous."  *Al Hirschfeld Found.*, 438 F.

Supp. 3d at 207 (internal quotation marks and citation omitted).  It "forbid[s]" Carrington from

"filing any future suits in federal or state court arising from or relating to the subject matter in the

instant action without the prior authorization of this Court."  Dkt. No. 180 at 13-14.  The terms

are straightforward and consistent with similar orders that courts in this District have issued

regarding vexatious litigants, including ones that have been upheld by the United States Court of

Appeals for the Second Circuit.  *See*, *e.g.*, *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 715

(2d Cir. 2019) (affirming injunction that enjoined appellants from filing further claims without

court approval), *cert. denied sub nom. Weisskopf v. Jewish Agency for Israel*, 140 S. Ct. 380

(2019); *Safir v. United States Lines Inc.*, 792 F.2d 19, 23 (2d Cir. 1986) (same); *In re Martin-

Trigona*, 9 F.3d 226, 228 (2d Cir. 1993) (same).

**Exhibit F-10**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 12 of 23    Page
ID #:984
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 11 of 22

### 2. Messrs. Carrington and Sobel's Non-Compliance with the Permanent Injunction is "Clear and Convincing"

The "proof of noncompliance [with the Permanent Injunction] is clear and convincing." *Al Hirschfeld Found.*, 438 F. Supp. 3d at 207 (internal quotation marks and citation omitted). The CDCA Complaint arises from and relates to the SDNY Action. Dkt. No. 180 at 13. Both are predicated on broad allegations of sexual abuse that Mr. Carrington purportedly suffered due to the actions, or inactions, of Defendants and their purported agents. *Compare, e.g.*, CDCA Complaint at ¶¶ 16-18, 86-97, 113, 115, 116, 132-143, 253-73 *with* Dkt. No. 35 (the "SDNY Complaint") at ¶¶ 32-53, 77-129, 152-67. Both allege that Defendants took actions to cover up this abuse through various means and methods, including the signing of non-disclosure agreements. *Compare, e.g.*, CDCA Complaint at ¶¶ 129, 130, 137 *with* SDNY Complaint at ¶¶ 54-59, 63-69, 98-99. And both include allegations of purported blacklisting and *quid pro quos* associated with Defendants' alleged conduct (*compare, e.g.*, CDCA Complaint at ¶¶ 117, 122, 130, 132, 273-86 *with* SDNY Complaint at ¶¶ 55, 59, 68, 100, 148-52, 224-237), and claims of misappropriation (*compare, e.g.*, CDCA Complaint at ¶¶ 146-48 *with* SDNY Complaint at ¶¶ 130-51).

Many of the allegations in the CDCA Complaint are cut and pasted from Mr. Sobel's extortionate settlement demand letter, which is what led to the issuance of the Permanent Injunction in the first place. *Compare, e.g.*, CDCA Complaint at ¶¶ 132-45 *with* Dkt. No. 174-3 at 9-12. The CDCA Complaint also includes allegations of litigation misconduct by counsel in connection with the SDNY Action, which previously were addressed and rejected by the Court. *Compare, e.g.*, CDCA Complaint at ¶¶ 186-200 *with* Dkt. No. 126 at 2 (finding no misconduct by counsel) *and* Oct. 11, 2019 Hearing Tr. at 40:3-5 (same).

**Exhibit F-11**

Messrs. Carrington and Sobel concede these points by acknowledging in the CDCA Complaint that "Judge Failla and Defendants placed an injunction *against Carrington filing the present action*." LaVigne Decl., Ex. H at ¶ 221 (emphasis added); *see also id.* at ¶ 69 (stating that "[i]t is true that Carrington is also *again attempting to litigate his sex abuse claims*, which claims have never been litigated") (emphasis added). Despite receiving the Permanent Injunction and knowing all of its terms, neither Mr. Carrington nor Mr. Sobel ever sought prior authorization of this Court before filing the CDCA Complaint. LaVigne Decl. at ¶ 18. Accordingly, this noncompliance certainly meets the "clear and convincing" standard.

### 3. Messrs. Carrington and Sobel Have Not Attempted to Comply with the Order

The intent standard for civil contempt is whether a party has "diligently attempted to comply in a reasonable manner." *Al Hirschfeld Found*, 438 F. Supp. 3d at 207 (internal quotation marks and citation omitted). Here, there has been a conscious, calculated effort *not* to comply with the Permanent Injunction. Messrs. Carrington's and Sobel's disregard for the Court's orders was evident even before the Permanent Injunction was issued. Both refused to participate or engage in the proceedings relating to the Permanent Injunction—they had had the opportunity to respond to counsel's papers and attend the September 10, 2020 conference. Instead, they refused to appear and taunted the Court by proclaiming (baselessly) that there was "nothing a District Court judge in SDNY can do to prevent new charges" being filed against certain parties. Dkt. No. 178-2 at 3.

Under the terms of the Permanent Injunction, Messrs. Carrington and Sobel simply had to request this Court's permission before filing the CDCA Complaint. Their refusal to follow this basic directive necessitates the Court's exercise of its "most prominent" power to issue contempt sanctions to "'protect[] the due and orderly administration of justice and . . . maintain[] the

**Exhibit F-12**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 14 of 23    Page
ID #:986
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 13 of 22

authority and dignity of the court.'"  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980)

(quoting *Cooke v. United States*, 267 U.S. 517, 539 (1925)).

And finally, while Mr. Sobel was not a plaintiff or counsel in the SDNY Action, he is still

bound by the Permanent Injunction's terms.  Pursuant to Fed. R. Civ. P. 65(d)(2)(B), the

Permanent Injunction bound Carrington's "attorneys" who "receive actual notice of [the

Permanent Injunction] by personal service or otherwise."  Mr. Sobel had actual knowledge of the

Permanent Injunction (LaVigne Decl. at ¶14), violated it by filing the CDCA Complaint, and

must be held in contempt.  *See*, *e.g.*, *SEC v. Bilzerian,* 613 F. Supp. 2d 66, 73 (D. D.C. 2009)

(noting that attorney "was in civil contempt from the moment he served as Bilzerian's agent in

his lawsuits despite his actual knowledge of the order" forbidding plaintiff from filing future

lawsuits), *aff'd*, 410 F. App'x 346 (D.C. Cir. 2010); *In re Rosebar*, 505 B.R. 82, 87 (Bankr.

D.D.C. 2014) ("When an attorney advises a client not to comply with a court order, she may,

with exceptions of no relevance here, be held in civil contempt.").

II.     **The Proper Remedy is Dismissal of the CDCA Complaint With Prejudice, Mr.
        Sobel's Withdrawal as Counsel, Incarceration or Fines for Non-Compliance, and
        Attorneys' Fees**

Contempt sanctions may both be "coercive, to secure compliance with court orders, or

they may be compensatory, to make whole the party who has been wronged."  *Al Hirschfeld*

*Found.*, 438 F. Supp. 3d at 207.  A district court has "broad discretion to fashion an appropriate

coercive remedy."  *EEOC v. Local 28*, 247 F.3d at 336 (internal quotation marks and citation

omitted).

Multiple sanctions are appropriate for Messrs. Carrington's and Sobel's contempt.

***Dismissal with Prejudice***.  Messrs. Carrington and Sobel must be ordered to dismiss the

CDCA Complaint with prejudice forthwith, and no later than two business days from the Court's

**Exhibit F-13**

finding of civil contempt.  This is a proper remedy that is designed to "secure compliance with court orders."  *Al Hirschfeld Found.*, 438 F. Supp. 3d at 207.

District courts have the power to enforce their own injunctions, which includes ordering parties to dismiss lawsuits that were brought in violation of a court's injunction.  For example, in *In re Tronox Inc.,* 549 B.R. 21 (S.D.N.Y. 2016), Judge Forrest ordered the Plaintiffs to do exactly that, stating:

> It is within this Court's discretion and power to enforce the Injunction and, if to do that it is required to order parties to take appropriate actions in that regard, so be it.  This Court also has tremendous interest in preventing litigation the pursuit of which is violative of an injunction previously issued by this Court.

*Id.* at 55.  The interests cited by Judge Forrest are the same here—Messrs. Carrington and Sobel are actively pursuing litigation that is in direct violation of the Permanent Injunction, that is duplicative of the SDNY Action, and that is seeking to relitigate or overturn the decisions in the SDNY Action.

Similarly, in *SEC v. Bilzerian*, the court found the defendant and his counsel in contempt of court for filing various lawsuits in violation of the court's prior injunction.  613 F. Supp. 2d at 77.  As a remedy, it directed them to "dismiss all lawsuits that were filed in contempt of the 2001 order."  *Id.*; *see also Friedman v. Wallach*, No. 03 Civ. 7118 GEL AJP, 2004 WL 1834274, at *1 (S.D.N.Y. Aug. 17, 2004) (Report & Recommendation) (recommending dismissal because plaintiff violated an order "permanently enjoin[ing] plaintiff from litigating further any claims relating to the [underlying allegations]") (internal quotation marks and citation omitted), *adopted* Oct. 27, 2004, No. 03 Civ. 7118, Dkt. No. 37; *Klapper v. Verizon Commc'ns, Inc.*, No. 02 CIV. 3262 (WK), 2002 WL 1580019, at *1 (S.D.N.Y. July 16, 2002) (finding plaintiff in contempt of court and dismissing complaint for violating court order that "enjoin[ed] plaintiff from instituting

**Exhibit F-14**

any further actions arising from the facts at issue" in a previous litigation), *aff'd in part, appeal dismissed in part*, 70 F. App'x 44 (2d Cir. 2003); *Buhannic v. TradingScreen Inc.,* No. 19 Civ. 10650 (ER), 2020 WL 4058949, at * 8 (S.D.N.Y. July 20, 2020) (imposing anti-filing injunction and stating subsequent actions "will be dismissed for failure to comply with this Opinion and Order.") (internal quotation marks and citation omitted).

Dismissal of the CDCA Complaint with prejudice is especially warranted for the Defendants, since the relevant CDCA claims are based on causes of action and issues that were decided and dismissed in the SDNY Action, or that certainly could have been raised by Carrington. *See*, *e.g.*, *Nemaizer v. Baker*, 793 F.2d 58, 60–61 (2d Cir. 1986) ("[A] dismissal [with prejudice] constitutes a final judgment with the preclusive effect of *res judicata* not only as to all matters litigated and decided by it, but as to all relevant issues which could have been but were not raised and litigated in the suit.") (internal quotation marks and citation omitted); *Lipin v. Hunt*, No. 14-CV-1081 RJS, 2015 WL 1344406, at *5 (S.D.N.Y. Mar. 20, 2015) ("With respect to collateral estoppel, that doctrine normally will bar the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding between the parties . . . .") (internal quotation marks and citation omitted).

Messrs. Carrington and Sobel not only ignored the terms of the Permanent Injunction, they filed the CDCA Complaint in an attempt to reopen and challenge the entire dismissal of the SDNY Action. *See*, *e.g.*, LaVigne Decl. Ex. H at ¶¶ 222-246 (First Cause of Action seeking declaratory judgment that Judge Failla's individual rules and prior orders are unconstitutional and void for lack of due process), ¶¶ 287-299 (Sixth Cause of Action seeking damages for deprivation of civil rights based on substantive due process violations associated with Judge

**Exhibit F-15**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 17 of 23    Page
ID #:989
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 16 of 22

Failla's individual rules and prior orders), ¶ 319 (seeking to void all of Judge Failla's prior

Orders, including dismissal with prejudice and the Permanent Injunction).

These claims are frivolous.  This Court's dismissal with prejudice is in line with cases

that empower courts to dismiss complaints for fabrication and spoliation.  *See*, *e.g.*, *ComLab,*

*Corp. v. Kal Tire,* No. 17-CV-1907 (KBF), 2018 WL 4333987 (S.D.N.Y. Sept. 11, 2018), *aff'd*,

815 F. App'x 597 (2d Cir. 2020).  Further, challenging one district's decision by commencing a

separate action in another district is improper and prohibited.  *See*, *e.g.*, *Klayman v. Kollar-*

*Kotelly,* No. 12-5340, 2013 WL 2395909, at *1 (D.C. Cir. May 20, 2013) ("[O]ne district court

does not have jurisdiction to review the decisions of another district court or federal appellate

court . . . ."); *Manwani v. Brunelle,* 99 F.3d 400, *2 (2d Cir. 1995) (affirming dismissal with

prejudice and imposition of sanctions; "The instant action simply seeks to avoid the district

court's previous orders by filing a fresh complaint"); *Friedman,* 2004 WL 1834274, at *1 ("It is

not, of course, this Court's function to sit in review of Judge Swain's anti-filing injunction.").

That is what the appellate or reconsideration process is for, which Mr. Carrington never pursued.

More importantly for purposes of this application, Carrington's meritless challenge to the

Permanent Injunction via the CDCA Complaint is irrelevant to resolving whether his failure to

comply with its terms constitutes contempt.  It does.  *See*, *e.g.*, *Sepehry-Fard v. Select Portfolio*

*Servicing, Inc.*, No. 14-CV-05142-LHK, 2016 WL 4436312, at *9 (N.D. Cal. Aug. 23, 2016)

(holding plaintiff in contempt for violating pre-filing review requirement, because "Plaintiff

never appealed the Vexatious Litigant Order, and Plaintiff's current, untimely challenge to the

validity of the Vexatious Litigant Order does not excuse Plaintiff's failure to comply with the

order").  Messrs. Carrington and Sobel could have sought authorization from the Court before

bringing the CDCA Complaint and litigated whether the CDCA Complaint was appropriate

**Exhibit F-16**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 18 of 23    Page
ID #:990
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 17 of 22

(which it is not).  Both have now forfeited any rights they had to seek leave for permission to file

and both must be ordered to withdraw the CDCA Complaint with prejudice forthwith, and no

later than two business days from the Court's finding of contempt.

    ***Incarceration, Fines, and Withdrawal to Ensure Compliance***.  Messrs. Carrington and

Sobel have shown a pattern and practice of violating Court orders, refusing to participate in

Court-ordered appearances, and taking matters into their own hands.  Additional relief is needed

to ensure compliance with any Order of contempt and to purge it.

    <u>Mr. Carrington</u>:  "The coercive sanction of incarceration is especially appropriate where

(i) it is unlikely that increased monetary sanctions would improve the likelihood of compliance

and (ii) there has been a pattern of noncompliance."  *In re 1990's Caterers Ltd.*, 531 B.R. 309,

320 (Bankr. E.D.N.Y. 2015).  Such is the case here.

    The SDNY Action was marred by Mr. Carrington's fabrication of evidence, spoliation of

evidence, and refusal to comply with counsel's and various Court Orders on discovery.  *See* Dkt.

No. 124 at 5-7; Dkt. No. 184 at 15-16, 24-25 (explaining that Carrington's conduct included

"willfully foreclosing opportunities to obtain evidence — not merely evidence that might put the

lie to Plaintiff's indelicate allegations, but more basic evidence Defendants needed to meet

Plaintiff's claims.").  Mr. Carrington's misconduct continues and has not been deterred by the

Court's previous sanctions, including dismissing the SDNY Action with prejudice (Dkt. No.

147), awarding $607,994.09 in attorneys' fees and costs to Defendants (Dkt. No. 184), and

enjoining him from filing additional actions (Dkt. No. 180).

    Accordingly, Defendants request that Mr. Carrington be arrested and detained if he fails

to comply with any Court Order to dismiss the CDCA Complaint with prejudice.  Defendants

recognize the severity of this sanction, but unfortunately have no confidence that any other

**Exhibit F-17**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 19 of 23    Page
ID #:991
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 18 of 22

sanction will ensure compliance with the Permanent Injunction or any Court Orders of contempt
given Mr. Carrington's track record in this case.  *See*, *e.g.*, *A.V. By Versace, Inc. v. Gianni
Versace, S.p.A.*, 279 F. Supp. 2d 341, 355 (S.D.N.Y. 2003) (finding incarceration appropriate
where the defendant "has found new ways to earn a finding of contempt" and "coercive fines are
seemingly insufficient to motivate [defendant] to purge himself of the contempt"); *cf. Lipin*,
2015 WL 1344406, at *11 (imposing injunction against future case filings and stating, "[i]f
Plaintiff fails to comply with this Court's Order, Plaintiff will be held in contempt and punished
by fine, or more likely, *given the failure of monetary penalties to compel compliance in the past,
by imprisonment*") (emphasis added); *see also* S.D.N.Y. Local R. 83.6(c)(5) (stating that Orders
of Contempt may "direct[], where appropriate, the arrest of the contemnor by the United States
marshal and confinement until the performance of the condition fixed in the order and the
payment of the fine, or until the contemnor be otherwise discharged pursuant to law").

   *Mr. Sobel*:  Mr. Sobel's conduct as counsel is outrageous.  Mr. Sobel sent an extortionate
demand letter to Defendants and third parties on August 28, 2020; was thereafter put on full
notice of his client's prior history of fabrication, spoliation, and obstruction, but continued to
threaten Defendants with litigation; chose not to appear at the pre-motion conference regarding
Defendants' application for an injunction on the very claims he has now filed; and then flouted
the Permanent Injunction by filing a baseless and frivolous 82-page lawsuit in direct violation of
the Permanent Injunction.

   Given his track record of violating Court orders and counseling his client to do the same,
we have no confidence that Mr. Sobel will abide by any Court Order to dismiss the CDCA
Complaint with prejudice.  To ensure that this contempt is purged, Mr. Sobel should also be
ordered to withdraw immediately as Mr. Carrington's counsel of record in the CDCA action; to

**Exhibit F-18**

Case 2:20-cv-09825-VAP-JC    Document 33-7    Filed 12/22/20    Page 20 of 23    Page
ID #:992
Case 1:18-cv-04609-KPF    Document 193    Filed 11/03/20    Page 19 of 22

cease representing Mr. Carrington in any other action arising out of, or relating to, the subject matter of the SDNY action; and to be fined $5,000 per day for each day of noncompliance with any such sanctions.

Mr. Sobel has forfeited any right to represent Mr. Carrington in the CDCA action or related matters, especially since he followed through on his threat to pursue this lawsuit after receiving the Permanent Injunction.  Such relief was deemed necessary in *SEC v. Bilzerian*, where the district court addressed a similar fact pattern.  There, an attorney assisted with an out-of-state lawsuit that was filed on a client's behalf, knowing that it was in violation of the court's injunction prohibiting future lawsuits.  613 F. Supp. 2d at 72-73.  In addition to finding the attorney in contempt, the court ordered that counsel "purge his contempt by ceasing his representation of Bilzerian in any capacity in any litigation matters and withdrawing as counsel, if listed as counsel of record, in any of the above cases."  Order, *SEC v. Bilzerian,* No. 89-CV-01854 (RCL) (D.D.C. May 11, 2009), Dkt. 986 at 2; *SEC v. Bilzerian*, 641 F. Supp. 2d 16, 23 (D.D.C. 2009) (citing Order), *aff'd*, 410 F. App'x 346, 348 (D.C. Cir. 2010).

Regarding monetary sanctions, courts should consider "(1) the character and magnitude of the harm threatened by the continued contumacy; (2) the probable effectiveness of any suggested sanction in bringing about compliance; and (3) the contemnor's financial resources and the consequent seriousness of the burden of the sanction upon him." *Dole Fresh Fruit Co. v. United Banana Co.*, 821 F.2d 106, 110 (2d Cir. 1987).  Defendants have no information regarding Mr. Sobel's financial resources.  However, the flagrancy of Mr. Sobel's actions and his pattern of refusing to follow Court Orders warrant a substantial fine if he fails to comply with any Court Orders to dismiss the CDCA Complaint with prejudice or to immediately withdraw from the CDCA or related cases.  Specifically, the Court should impose a $5,000 fine for each

**Exhibit F-19**

day of Mr. Sobel's noncompliance with any such sanctions. *See Perfect Fit Indus., Inc. v. Acme Quilting Co.*, 673 F.2d 53, 57-58 (2d Cir. 1982) (upholding the district court's $5,000 per day fine and deeming it "substantial, and intentionally so"); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1364 (2d Cir. 1989) (affirming district's imposition of civil contempt fines of $50,000).

      *Attorneys' Fees*.  Finally, Messrs. Carrington and Sobel should be directed to pay counsel's fees incurred in drafting these motion papers and seeking this relief.  *See Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996) ("The district court . . . may award appropriate attorney fees and costs to a victim of contempt."); *Vuitton et Fils S. A. v. Carousel Handbags*, 592 F.2d 126, 130 (2d Cir. 1979) ("Since the [defendant] should be made whole for the harm he has suffered, it is appropriate for the court also to award the reasonable costs of prosecuting the contempt, including attorney's fees, if the violation of the decree is found to have been willful.").

      *Additional Sanctions.*  The Court certainly has other means at its disposal to ensure compliance with its Orders.  The Court can, for example, initiate its own criminal contempt proceedings, which are punitive in nature.  *See*, *e.g.*, Fed. R. Crim. P. 42(b) (permitting courts to impose criminal contempt sanction summarily); 18 U.S.C. § 401.  Defendants submit that Messrs. Carrington's and Sobel's pattern and practice of willfully violating Court Orders warrants serious consideration of such punitive measures.  This is especially so if there is continued non-compliance with Court Orders, both to ensure the integrity of the judicial process and compliance with Court Orders in other cases.

      Defendants reserve all rights in submitting this application.

## CONCLUSION

      For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' application for an order to show cause why Plaintiff Rovier Carrington and his

**Exhibit F-20**

counsel, G. Scott Sobel, Esq., should not be held in civil contempt for violation of the Permanent Injunction and why the above sanctions should not be imposed.  Defendants request that the Court sign the Proposed Order to Show Case and schedule a conference as soon as possible given Messrs. Carrington's and Sobel's ongoing unlawful conduct.


Dated: New York, New York
       November 3, 2020

Respectfully submitted,

RUSS AUGUST & KABAT

By:    s/ Stanton L Stein
        Stanton L. Stein
        Diana A. Sanders
        12424 Wilshire Boulevard, 12th Floor
        Los Angeles, California 90025
        Telephone: (310) 826-7474
        lstein@raklaw.com
        dsanders@raklaw.com

        *Attorneys for Defendants Brian Graden and Brian Graden Media, LLC*

SHEARMAN & STERLING LLP

By:    s/ Christopher LaVigne
        Stephen Fishbein
        Christopher LaVigne
        599 Lexington Avenue
        New York, New York 10022
        Telephone:  212-848-4424/4432
        sfishbein@shearman.com
        christopher.lavigne@shearman.com

        *Attorneys for Defendants ViacomCBS Inc., Viacom International Inc., and Paramount Pictures Corporation*

LOEB & LOEB LLP

By:    s/ Wook Hwang
        Wook Hwang

**Exhibit F-21**

Sarah Schacter
345 Park Avenue
New York, New York 10154-1895
Telephone:  (212) 407-4000
whwang@loeb.com
sschacter@loeb.com

*Attorneys for Defendants Brad Grey, Brad Grey Estate, and Brad Alan Grey Trust*

**Exhibit F-22**