# EXHIBIT H



Neutral
As of: December 22, 2020 1:27 AM Z

## Peters v. Employment Dev. Dep't of Calif.

United States District Court for the Central District of California

January 23, 2014, Decided; January 23, 2014, Filed

EDCV 13-01628-VAP (OPx)

**Reporter**
2014 U.S. Dist. LEXIS 185221 *

MARTHA JO PETERS -v- EMPLOYMENT DEVELOPMENT DEPT. OF CALIFORNIA; MARRIOTT HOTEL COMPANY; JUDGE JOHN VINEYARD

**Opinion by:** VIRGINIA A. PHILLIPS

**Prior History:** Peters v. Empl. Dev. of Cal., 2013 U.S. Dist. LEXIS 100925 (C.D. Cal., July 17, 2013)

## Opinion

### Core Terms

case number, district court, vexatious litigant, pre-filing, court of appeals, Declare, demurrer, file a notice of appeal, Notice, cases, frivolous, judicial notice, complaints, harassing, profile, lawsuits, Appeals, leave to amend, Arbitration, vexatious, alleges, orders, state and federal courts, judicial officer, workshop, slander, demurrer to complaint, motion to dismiss, defamation, documents

**Counsel: [*1]** Martha JO Peters, Plaintiff, Pro se, Sun City, CA USA.

For Employment Development Dept of California, Defendant: Ronald R Giusso, Office of the Attorney General, San Diego, CA USA.

For Judge John Vineyard, Defendant: Dennis E Wagner, Wagner and Pelayes LLP, Riverside, CA USA.

**Judges:** HONORABLE VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE.

**PRIORITY SEND**

CIVIL MINUTES -- GENERAL

PROCEEDINGS: MINUTE ORDER (1) GRANTING DEFENDANT'S MOTION TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT (DOC. NO. 27) AND (2) VACATING JANUARY 27, 2014 HEARING (IN CHAMBERS)

Before the Court is Defendant Employment Development Department of California's ("EDD") Motion to Declare Plaintiff Martha Jo Peters ("Peters") a Vexatious Litigant ("Motion" or "Mot."). (Doc. No. 27.) The Court has considered all of the papers filed in support of the Motion. The Motion is appropriate for resolution without a hearing, and accordingly, the Court VACATES the January 27, 2014 hearing. See Fed. R. Civ. P. 78; L.R. 7-15. For the reasons stated below, the Court GRANTS the Motion, declares Peters to be a vexatious litigant, and imposes prefiling conditions as explained below.

**I. BACKGROUND**

Diana Sanders

**Exhibit H-1**

2014 U.S. Dist. LEXIS 185221, *1

## A. Factual Allegations of the Complaint

Martha Jo Peters has suffered **[*2]** extraordinary hardship in recent years. In 1999, her husband passed away and her house was destroyed in a fire. (Compl. at 2.) Though she retired in 2006 with considerable savings, disastrous investments in the stock market resulted in the loss of her retirement savings and her residence. (Id.) She was forced to take a new job as a teacher in Arizona but resigned and returned to California after three months because she faced "inexplicable hostility" from her co-workers. (Id. at 3.)

Unbeknownst to Peters, at some point before August 22, 2006, one of her former students created a profile using her name and photograph on the social networking website Myspace.com . (Id. at 7.) Graphically pornographic images and coarse language were posted on the profile. (Id.)

Upon returning to California, Peters went to the Employment Development Department of California in Corona, California for assistance finding a job. (Id. at 3.) Peters is a military veteran, and was told by EDD employees to apply for a job within the EDD itself given her veteran status. (Id.) The EDD hired her in mid-June 2009. (Id.) At some point in August 2009, Peters's supervisor Lynn Blackburn told Peters that she had used the online search engine Google **[*3]** to search for Peters's name. (Id.) Following this exchange, Peters noticed that fellow employees treated her differently. (Id. at 3-4.)

Sometime later, Peters was told by her supervisors to attend a five day training workshop in Oceanside, California. (Id. at 4.) She made a reservation at the Marriott Hotel in that city. (Id.) When Peters attempted to check in on the morning of the workshop, however, she was told by a Marriott staff member, Man Lai Tam, that her reservation had been cancelled due to overbooking. (Id.) After some discussion with Tam, Peters was placed in a substitute "shared suite." (Id.) Due to the delay, Peters was late to the workshop. (Id. at 5.)

When Peters arrived, however, the workshop had not yet begun. (Id.) Peters overheard from other workshop attendees that their rooms had been cancelled as well; she told them about her "shared suite" arrangement. (Id.) According to Peters, a training manager at the workshop overheard this conversation, contacted Marriott, and had Peters's "shared suite" reservation cancelled as well. (Id.) Peters alleges that, upon prompting from this training manager, Tam submitted an electronic mail message ("e-mail") to the EDD alleging that Peters was "rude" and **[*4]** "angry" during their conversation about the cancelled room. (Id.)

Sometime later, Peters and Lorraine Chavez, an EDD manager, had a meeting that escalated into a loud confrontation. (Id. at 6-7.) Following the confrontation, Peters was placed on administrative leave; the EDD released her from its employ on December 3, 2009. (Id. at 7.) Peters discovered, to her horror, the Myspace profile bearing her name on October 15, 2010. (Id.) According to Peters, the EDD used the Myspace profile, the incident at the Marriott, and the confrontation with Chavez as grounds for her dismissal. (Id.)

Believing that the Myspace profile bearing her name with the pornographic images was a factor in her discharge, Peters filed suit in California Superior Court against Rupert Murdoch and Myspace, Inc.,[1] as well as actions against the EDD, Marriott, and the Service Employees International Union ("SEIU"). (Id. at 8.)

## B. Procedural History in this Case

Plaintiff filed the Complaint in this case on September 13, 2013. (Doc. No. 1.) On October 17, 2013, the EDD filed a Motion to Dismiss for Lack of Jurisdiction. **[*5]** (Doc. No. 9.) On November 5, 2013, Defendant John Vineyard filed a Motion to Dismiss. (Doc. No. 13.) The Court granted the EDD's motion to dismiss on November 12, 2013 (Doc. No. 16) and dismissed the entire action for lack of subject-matter jurisdiction on December 6, 2013 (Doc. No. 26). The Court entered judgment against Peters on December 12, 2013. (Doc. No. 28.)

The EDD filed the instant Motion on December 17, 2013. In addition to the Motion, the EDD filed a Request for Judicial Notice ("RJN"). (Doc. No. 27-4.) Peters filed no Opposition to the Motion. On December 17, 2013, Peters filed a Notice of Appeal to the Ninth Circuit Court of Appeals, appealing the dismissal of her case. (Doc. No. 29.)

## C. Request for Judicial Notice

In the RJN, the EDD requests the Court to take judicial

---

[1] Plaintiff claims that Murdoch was the owner of Myspace at the time, and therefore was responsible for all the content posted thereon.

Diana Sanders

**Exhibit H-2**

notice of the following:

Exhibit A: a certified copy of the State Personnel Board's Notice of Rejection During Probation Pursuant to Govt. Code § 19173, dated November 19, 2009.

Exhibit B: Peters's Complaint in Martha Jo Peters v. Employment Development Department, et al., Riverside Superior Court, case number RIC 10022488, dated November 22, 2010.

Exhibit C: Peters's Second Amended Complaint in Martha Jo Peters v. [*6] Employment Development Department, et al., Riverside Superior Court, case number RIC 10022488.

Exhibit D: Notices of Ruling in Martha Jo Peters v. Employment Development Department, et al., Riverside Superior Court, case number RIC 10022488:
- Sustaining Defendant's special demurrer to Peters's Complaint, dated March 2, 2011
- Sustaining Defendant's demurrer to Peters's First Amended Complaint, dated June 2, 2011
- Sustaining Defendant's demurrer to Peters's Second Amended Complaint, and dismissing without leave to amend, dated August 29, 2011

Exhibit E: Notice of Entry of Judgment of Dismissal in Martha Jo Peters v. Employment Development Department, et al., Riverside Superior Court, case number RIC 10022488, dated October 27, 2011.

Exhibit F: Peters's Complaint in Martha Jo Peters v. Martin W. Hagan, Riverside Superior Court, case number RIC 1110944, dated June 27, 2011.

Exhibit G: Peters's Opposition to demurrer filed in Martha Jo Peters v. Martin W. Hagan, Riverside Superior Court, case number RIC 1110944, dated August 22, 2011.

Exhibit H: Notice of Entry of Judgment in Martha Jo Peters v. Martin W. Hagan, Riverside Superior Court, case number RIC 1110944, dated December 6, 2011.

Exhibit [*7] I: Peters's Complaint in Martha Jo Peters v. Kirk Smith, et al., Riverside Superior Court, case number RIC 10022491, dated November 22, 2010.

Exhibit J: Petition to Compel Arbitration and Stay Action in Martha Jo Peters v. Kirk Smith, et al., Riverside Superior Court, case number RIC 10022491, dated February 4, 2011.

Exhibit K: Order Granting Petition to Compel Arbitration in Martha Jo Peters v. Kirk Smith, et al., Riverside Superior Court, case number RIC 10022491, dated March 24, 2011.

Exhibit L: Riverside Superior Court Minute Order on Plaintiff's Motion for Reconsideration re: Arbitration, in Martha Jo Peters v. Kirk Smith, et al., Riverside Superior Court, case number RIC 10022491, dated September 21, 2011.

Exhibit M: Peters's Renewed Motion for Release from an Unconscionable Compelled Arbitration Provision in Martha Jo Peters v. Kirk Smith, et al., Riverside Superior Court, case number RIC 10022491, dated February 17, 2012.

Exhibit N: Order Granting Defendants' Motion for Summary Judgment in Martha Jo Peters v. Kirk Smith, et al., Riverside Superior Court, case number RIC 10022491, dated February 20, 2012.

Exhibit O: Peters's Complaint in Martha Jo Peters v. William F. Turner, Riverside [*8] Superior Court, case number RIC 1109766, dated June 6, 2011.

Exhibit P: Defendant's Demurrer to Complaint in Martha Jo Peters v. William F. Turner, Riverside Superior Court, case number RIC 1109766, dated June 16, 2011.

Exhibit Q: Riverside Superior Court Minute Order on Defendant's Demurrer to Complaint, dismissing action with prejudice, in Martha Jo Peters v. William F. Turner, Riverside Superior Court, case number RIC 1109766, dated July 28, 2011.

Exhibit R: Peters's Complaint in Martha Jo Peters v. Jeff With, et al., Riverside Superior Court, case number RIC 1112527, dated July 28, 2011.

Exhibit S: Peters's Complaint in Martha Jo Peters v. Andrew Garcia, et al., Riverside Superior Court, case number RIC 1201323, dated January 27, 2012.

Exhibit T: Special Motion to Strike filed by Defendant Finlay in Martha Jo Peters v. Andrew Garcia, et al., in Riverside Superior Court, case number RIC 1201323, dated March 5, 2012.

2014 U.S. Dist. LEXIS 185221, *8

Exhibit U: In Martha Jo Peters v. Andrew Garcia, et al., in Riverside Superior Riverside Superior Court, case number RIC 1201323:

- Riverside Superior Court Minute Order granting Defendant Finlay's Special Motion to Strike, dismissing Defendant Finlay, dated April 13, 2012

 [*9] - Notice of Entry of Order, granting Defendant Finlay's Special Motion to Strike, dated May 7, 2012

Exhibit V: Riverside Superior Court Civil Case Report in Martha Jo Peters v. Andrew Garcia, et al., Riverside Superior Court, case number RIC 1201323.

Exhibit W: Order of dismissal without prejudice in Martha Jo Peters v. Andrew Garcia, et al., Riverside Superior Court, case number RIC 1201323, dated December 14, 2012.

Exhibit X: Peters's Complaint in Martha Jo Peters v. City of San Bernardino, et al., Riverside Superior Court, case number RIC 1100706, dated January 19, 2011.

Exhibit Y: Defendant State of California's Motion for Change of Venue in Martha Jo Peters v. City of San Bernardino, et al., Riverside Superior Court, case number RIC 1100706, dated July 6, 2011.

Exhibit Z: Order Granting Motion to Transfer Venue in Martha Jo Peters v. City of San Bernardino, et al., Riverside Superior Court, case number RIC 1100706, dated August 25, 2011.

Exhibit AA: Peters's Complaint in Martha Jo Peters v. Myspace.com, et al., Riverside Superior Court, case number RIC 10022494, dated November 22, 2010.

Exhibit BB: Peters's Complaint in Martha Jo Peters v. Rupert Murdoch, Riverside Superior Court, case [*10] number RIC 1112596, dated July 29, 2011.

Exhibit CC: Defendant Myspace, Inc.'s Motion to Set Aside Default in Martha Jo Peters v. Myspace.com, et al., Riverside Superior Court, case number RIC 10022494, dated March 21, 2011.

Exhibit DD: Riverside Superior Court Minute Order granting Defendant Myspace, Inc.'s Motion to Set Aside Default in Martha Jo Peters v. Myspace.com, et al., Riverside Superior Court, case number RIC 10022494, dated May 5, 2011.

Exhibit EE: Defendant Myspace, Inc.'s Demurrer to Peters's First Amended Complaint in Martha Jo Peters v. Myspace.com, et al., Riverside Superior Court, case number RIC 10022494, dated May 10, 2011.

Exhibit FF: Riverside Superior Court Minute Order sustaining Defendant Myspace, Inc.'s Demurrer, without leave to amend in Martha Jo Peters v. Myspace.com, et al., Riverside Superior Court case number RIC 10022494, dated June 23, 2011.

Exhibit GG: Appellate Court Information Sheet from the California Court of Appeal in Martha Peters v. Myspace, Inc., case number E054046.

Exhibit HH: Defendant Rupert Murdoch's Demurrer to Plaintiff's Complaint in Martha Jo Peters v. Rupert Murdoch, Riverside Superior Court, case number RIC 1112596, dated October 12, [*11] 2011.

Exhibit II: Notice of Ruling and Entry of Order sustaining demurrer to Peters's Complaint in Martha Jo Peters v. Rupert Murdoch, Riverside Superior Court, case number RIC 1112596, dated December 6, 2011.

Exhibit JJ: Notice of Entry of Judgment in Martha Jo Peters v. Rupert Murdoch, Riverside Superior Court, case number RIC 1112596, dated January 30, 2012.

Exhibit KK: Peters's Complaint in Martha Jo Peters v. Rupert Murdoch, et al., Riverside Superior Court, case number RIC 1201367, dated January 30, 2012.

Exhibit LL: Motion to Declare Plaintiff a Vexatious Litigant in Martha Jo Peters v. Rupert Murdoch, et al., Riverside Superior Court, case number RIC 1201367, dated March 13, 2012.

Exhibit MM: Notices of Ruling in Martha Jo Peters v. Rupert Murdoch, et al., San Bernardino Superior Court, case number CIVDS 1206477; Martha Jo Peters v. Judge Ronald L. Taylor, et al., San Bernardino Superior Court, case number CIVDS 1206476; Martha Jo Peters v. Riverside Superior Court, et al., San Bernardino Superior Court, case number CIVDS 1206473; and Martha Jo Peters v.

Commissioner John Vineyard, et al., San Bernardino Superior Court, case number CIVDS 1206475, declaring Peters to be a vexatious **[*12]** litigant and making her subject to pre-filing requirements, dated September 14, 2012.

Exhibit NN: San Bernardino Superior Court Minute Order on Peters's Motion to Vacate Vexatious Litigant Order, in Martha Jo Peters v. Rupert Murdoch, et al., San Bernardino Superior Court, case number CIVDS 1206477, dated October 15, 2012.

Exhibit OO: California's Vexatious Litigant List, prepared and maintained by the Administrative Office of the Courts, dated December 2, 2013.

Exhibit PP: Order Granting Defendants' Motions to Dismiss in Martha Jo Peters v. Rupert Murdoch, et al., United States District Court for the Central District of California, case number EDCV 13-1022-R, dated October 25, 2013.

Exhibit QQ: Order Dismissing Complaint Without Prejudice in Martha Jo Peters v. EDD, et al., United States District Court for the Central District of California, case number EDCV 13-1164-VAP (DTBx), dated August 2, 2013.

Exhibit RR: Judgment dismissing Peters's Complaint in Martha Jo Peters v. EDD, et al., United States District Court for the Central District of California, case number EDCV 13-1164-VAP (DTBx), dated August 2, 2013.

Exhibit SS: Order Granting Defendant's Motion to Dismiss in Martha Jo Peters **[*13]** v. Rust Consulting, et al., United States District Court for the Central District of California, case number EDCV 13-1194-JGB (DTBx), dated September 10, 2013.

Exhibit TT: Order Granting Defendant's Motion to Dismiss in Martha Jo Peters v. EDD, et al., United States District Court for the Central District of California, case number EDCV 13-1628-VAP (OPx), dated November 12, 2013.

Exhibit UU: Order Dismissing Remaining Claims for Lack of Subject Matter Jurisdiction in Martha Jo Peters v. EDD, et al., United States District Court for the Central District of California, case number EDCV 13-1628-VAP (OPx), dated December 6, 2013.

Exhibit VV: Declaration of Martin W. Hagan in Support of Motion to Declare Plaintiff a Vexatious Litigant in Martha Jo Peters v. Rupert Murdoch, et al., Riverside Superior Court, case number RIC 1201367, dated March 13, 2012.

Exhibit WW: Certified Reporter's Transcript, Proceedings of Thursday, September 22, 2011 in Martha Jo Peters v. Martin W. Hagan, Riverside Superior Court, case number RIC 1110944.

Exhibit XX: Order directing Peters to serve a file-stamped copy of the judgment appealed from and directing her to file a memorandum with the appeals court explaining **[*14]** if certain orders are appealable in Martha Jo Peters v. Myspace, Inc., California Court of Appeal, case number E056428.

Exhibit YY: List of all appeals filed by Peters in the California Court of Appeal.

Exhibit ZZ: Docket Report in Martha Jo Peters v. City of San Bernardino, et al., San Bernardino Superior Court, case number CIVDS 1111293.

Exhibit AAA: Docket Report in Martha Jo Peters v. Riverside Superior Court, et al., San Bernardino Superior Court, case number CIVDS 1206473.

Exhibit BBB: Docket Report in Martha Jo Peters v. Commissioner John Vineyard, et al., San Bernardino Superior Court, case number CIVDS 1206475.

Exhibit CCC: Docket Report in Martha Jo Peters v. Judge Ronald L. Taylor, et al., San Bernardino Superior Court, case number CIVDS 1206476.

Exhibit DDD: Peters's Complaint in Martha Jo Peters v. Kaiser Permanente Medical Center (HMO) Park Sierra, Riverside Superior Court, case number RIC 1102047, dated February 8, 2011.

Exhibit EEE: Notice of Entry of Judgment in Martha Jo Peters v. Kaiser Permanente Medical Center (HMO) Park Sierra, Riverside Superior Court, case number RIC 1102047, dated February 5, 2013.

Exhibit FFF: Appellate Docket in Martha Jo Peters v. Kaiser Permanente **[*15]** Medical Center (HMO) Park Sierra, California Court of Appeal, case number E058164.

Exhibit GGG: Riverside Superior Court Civil Case Report in Martha Jo Peters v. Wells Fargo Bank, Riverside Superior Court, case number RIC

1100708.

Exhibit HHH: Appellate Docket in Martha Jo Peters v. Wells Fargo Bank, California Court of Appeal, case number E056413.

Exhibit III: Judgment dismissing Plaintiff's Complaint in Martha Jo Peters v. Rupert Murdoch, et al., United States District Court for the Central District of California, case number EDCV 13-1022-R, dated December 10, 2013.

A court may take judicial notice of court filings and other matters of public record. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)). Here, the EDD requests that the Court take judicial notice of state administrative proceedings as well as state and federal court filings. As those documents are matters of public record, the Court takes judicial notice of Exhibits A-NN, PP-III.

With respect to Exhibit OO, the list of vexatious litigants in California, the Court may also take judicial notice of that list. See Rupert v. Bond, 2013 U.S. Dist. LEXIS 134318, 2013 WL 5289617, at *5 (N.D. Cal. Sept. 18, 2013) (granting request for judicial notice of vexatious litigant list because it is "'capable of accurate and ready determination,' as it was prepared by [*16] the Administrative Office of the California courts") (citing Fed. R. Evid. 201(b)).

Accordingly, the Court grants judicial notice of the documents contained in the RJN. In addition to those documents submitted in the RJN, the Court also takes judicial notice of information on the California Appellate Courts' official website, http://appellatecases.courtinfo.ca.gov/, as well as the dockets in cases filed in federal district court and her appeals before the Ninth Circuit Court of Appeals. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir.2002) (federal courts may take judicial notice of relevant state court records in federal civil proceedings), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005).

## II. LEGAL STANDARD

A district court has the authority to enjoin "litigants with abusive and lengthy histories" under the All Writs Act, 28 U.S.C. §1651(a). De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990) (citing cases); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). Among the restrictions that may be imposed on a litigant found to be vexatious is a requirement that the litigant obtain the approval of a judge before being allowed to file an action. See Central District Local Rule ("L.R.") 83-8.2 (providing for such an order); De Long, 912 F.2d at 1147; Molski, 500 F.3d at 1057 (recognizing district court's "inherent power to enter prefiling orders against vexatious litigants").

A pre-filing order is "an extreme remedy that should rarely be used," however. Molski, 500 F.3d at 1057. Its entry must be preceded [*17] by (1) notice and an opportunity to be heard, (2) the compilation of an adequate record for review, and (3) substantive findings concerning the "frivolous or harassing nature" of the plaintiff's litigation. Id. The pre-filing order also "must be narrowly tailored to closely fit the specific vice encountered." Id. (quoting De Long, 912 F.2d at 1148). In other words, "[c]ourts should not enter pre-filing orders with undue haste because such sanctions can tread on a litigant's due process right of access to the courts." Id.

Nevertheless, the Ninth Circuit has recognized that "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." De Long, 912 F.2d at 1148. As set forth below, the Court determines that Peters's vexatious and harassing litigation in both state and federal courts requires the entry of a pre-filing order against her.

## III. DISCUSSION

### A. The Court Has Jurisdiction to Determine that Peters is a Vexatious Litigant

Peters has appealed this Court's order dismissing the operative complaint in this case. Generally, the filing of an appeal divests this Court of jurisdiction. Therefore, the Court must [*18] first determine if it has the authority to rule on the Motion seeking to declare her to be a vexatious litigant, given that an appeal is pending.

"The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the

2014 U.S. Dist. LEXIS 185221, *18

appeal." *Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S. Ct. 400, 74 L. Ed. 2d 225 (1982)* (per curiam); see also *NRDC v. Sw. Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001)*.

Here, however, the Motion does not address any of the substantive matters involved in the appeal; rather, it addresses the collateral matter of whether Peters should be declared a vexatious litigant. Accordingly, the Court finds that the filing of Peters's appeal does not deprive the Court of jurisdiction to consider the Motion. See *Hutchinson v. Beckworth, 474 F. App'x 736, 739 (10th Cir. 2012)* ("A notice of appeal divests the district court of jurisdiction over matters *involved in the appeal*, but it retains jurisdiction to consider collateral matters such as sanctions.") (citation omitted).

**B. Peters is a Vexatious Litigant**

**1. Plaintiff's History of Litigation Meets the Requirements to Be Declared Vexatious Under California Law**

Under Central District *Local Rule 83-8.2*, when determining if a litigant is vexatious, the Court "may, at its discretion, proceed by reference to [*19] the Vexatious Litigants statute of the State of California, *Cal. Code Civ. Proc. §§ 391-391.7*." *L.R. 83-8.2*. As relevant here, the California Code of Civil Procedure provides that a vexatious litigant is a person that:

> (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations . . . that have been (i) finally determined adversely to the person . . . .

*Cal. Code Civ. Proc. § 391*.

All of Peters's actions were filed in propia persona or in pro se and, as discussed below, many meet the remainder of the criteria for declaring her to be a vexatious litigant. Peters has brought well over five actions that have been finally determined against her in state and federal court, for example:

> 1. Martha Jo Peters v. Myspace.com, et al., Riverside Superior Court, case number RIC 10022494. (RJN Ex. AA.) Appeal dismissed on September 8, 2011. (RJN Ex. GG.)

> 2. Martha Jo Peters v. City of San Bernardino, et al., Riverside Superior Court, case number RIC 1100706. (RJN Ex. X.) No appeal was taken. (See RJN Ex. YY.)

> 3. Martha Jo Peters v. Kaiser Permanente Medical Center (HMO) Park Sierra, Riverside Superior Court, case number RIC 1102047. Appeal dismissed on March 23, 2013. (RJN Ex. FFF.)

> 4. Martha [*20] Jo Peters v. William F. Turner, Riverside Superior Court, case number RIC 1109766. (RJN Ex. O.) No appeal was taken. (See RJN Ex. YY.)

> 5. Martha Jo Peters v. Martin W. Hagan, Riverside Superior Court, case number RIC 1110944, on June 27, 2011. (RJN Ex. F.) No appeal was taken. (See RJN Ex. YY.)

> 6. Martha Jo Peters v. Rupert Murdoch, Riverside Superior Court, case number RIC 1112596. (RJN Ex. BB.) No appeal was taken. (See RJN Ex. YY.)

> 7. Martha Jo Peters v. EDD, et al., United States District Court for the Central District of California, case number EDCV 13-1164-VAP (DTBx). No appeal was taken.

As Peters's pattern of litigation meets the criteria set forth in *Cal. Code Civ. Proc. § 391*, to declares her to be a vexatious litigant, the Court now turns to the applicability of a pre-filing order.

**2. A Pre-Filing Order is Necessary to Stop Peters's Abusive Litigation Tactics**

As stated above, the entry of a pre-filing order must be preceded by (1) notice and an opportunity to be heard, (2) the compilation of an adequate record for review, and (3) substantive findings concerning the "frivolous or harassing nature" of the plaintiff's litigation.

**a. Notice and an Opportunity to be Heard**

The EDD filed the instant Motion on December [*21] 12, 2013. *Local Rule 7-9* requires opposing parties shall file an Opposition "not later than twenty-one (21) days before the date designated for hearing on of the motion." *L. R. 7-9*. Thus, Peters was required to file an Opposition to the Motion by January 6, 2013. Peters has filed no Opposition to the Motion. Thus, the Motion stands ready for decision without oral argument. See

*Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000)* (holding that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue"); *Molski, 500 F.3d at 1058-59* (citing Pac. Harbor with approval).

**b. Record for Review**

"An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed." *De Long, 912 F.2d at 1147*. The court may rely upon the dismissal of cases in state or federal court in determining a litigant to be vexatious. See *Walker v. Stanton, 2008 U.S. Dist. LEXIS 81796, 2008 WL 4401388, at \*9 (C.D. Cal. Sept. 2, 2008)* aff'd sub nom. *Tate v. Stanton, 360 F. App'x 833 (9th Cir. 2009)*. Here, as enumerated in the RJN, the record before the Court includes complaints, docket reports, orders, judgments, and appellate records associated with the numerous actions filed by Peters in state and federal court.

The record before the Court reflects that Peters has brought the following lawsuits, in rough chronological order:

> (1) Peters filed the Complaint in Martha **[\*22]** Jo Peters v. Employment Development Department, et al., in Riverside Superior Court, case number RIC 10022488, on November 22, 2010. (RJN Ex. B.) Sometime later, she filed a First and Second Amended Complaint. (See RJN Ex. C; RJN Ex. D (demurring to Complaint, First Amended Complaint, and Second Amended Complaint.) The Superior Court sustained a demurrer to the Second Amended Complaint, without leave to amend on October 21, 2011. (RJN Ex. E.) Peters filed a notice of appeal to the California Court of Appeal on June 11, 2012, in case number E056428. The appeal is still pending.
>
> (2) Peters filed the Complaint in Martha Jo Peters v. Kirk Smith, et al., in Riverside Superior Court, case number RIC 10022491, on November 22, 2010.[2] In the Complaint, Peters claims that Smith did not adequately represent her in a lawsuit against her stock broker and did not obtain a satisfactory settlement. (RJN Ex. I.) Defendants filed a Petition to Compel Arbitration on February 4, 2011. (RJN Ex. J.) The Superior Court granted the Petition, and stayed the action on March 24, 2011. (RJN Ex. K.) Peters twice filed motions for relief from being compelled to arbitrate; both were denied by the Superior Court, on **[\*23]** September 21, 2011 and February 17, 2012, respectively. (RJN Ex. L; Ex. M.) On February 20, 2012, the Superior Court granted Defendants' motion for summary judgment and entered judgment against Peters. (RJN Ex. N.) Peters filed a notice of appeal to the California Court of Appeal on March 4, 2013, in case number E058163. The appeal is still pending.
>
> (3) Peters filed the Complaint in Martha Jo Peters v. Myspace.com, et al., in Riverside Superior Court, case number RIC 10022494, on November 22, 2010. (RJN Ex. AA.) On March 21, 2011 Defendant Myspace, Inc. filed a Motion to Set Aside Default, which was granted by the Superior Court on May 5, 2011. (RJN Ex. CC; Ex. DD.) Defendants filed a demurrer to Peters's First Amended Complaint on May 10, 2011. (RJN Ex. EE.) The Superior Court sustained the demurrer, without leave to amend, on June 23, 2011. (RJN Ex. FF.) Peters filed a notice of appeal to the California Court of Appeal on July 19, 2011, in case number E054046. The Court of Appeal dismissed Peters's appeal on September 8, 2011. (RJN Ex. GG.)
>
> (4) Peters filed the Complaint in Martha Jo Peters v. City of San Bernardino, et al., in Riverside Superior Court, case number RIC 1100706, on **[\*24]** January 19, 2011. (RJN Ex. X.) On July 6, 2011, Defendant State of California filed a Motion for Change of Venue. (RJN Ex. Y.) The Riverside Superior Court granted the motion on August 25, 2011. (RJN Ex. Z.) After transfer the case became San Bernardino Superior Court case number CIVDS 1111293. (See RJN Ex. ZZ.) The San Bernardino Superior Court dismissed the case without prejudice on July 2, 2012 for failure to respond to an Order to Show Cause. (Id. at 5.) Peters did not appeal the dismissal. (See RJN Ex. YY.)
>
> (5) Peters filed the Complaint in Martha Jo Peters v. Wells Fargo Bank, in Riverside Superior Court, case number RIC 1100708, on January 19, 2011. (RJN Ex. GGG.) The case was dismissed with prejudice on April 5, 2012. (Id.) Peters filed a notice of appeal to the California Court of Appeal on June 6, 2012, in case number E056413. (RJN Ex. HHH.)

---

[2] There is no date on this exhibit, but later documents indicate that the Complaint was filed on November 22, 2010. (See RJN Ex. J.)

2014 U.S. Dist. LEXIS 185221, *24

The appeal is still pending.

(6) Peters filed the Complaint in Martha Jo Peters v. Kaiser Permanente Medical Center (HMO) Park Sierra, in Riverside Superior Court, case number RIC 1102047, on February 8, 2011. (RJN Ex. DDD.) In that Complaint, Peters sought $2,000,000 in damages for, inter alia, the destruction of her later husband's medical [*25] records -- thereby depriving her of the documentation necessary to bring a lawsuit alleging her husband had passed away due to complications brought on by mesothelioma -- and the loss or destruction of her own medical records from 1983 to 1986. (Id.) On February 2, 2013, the Superior Court confirmed the order of an arbitrator granting dismissal in Kaiser Permanente's favor, and entered judgment against Peters. (RJN Ex. EEE.) Peters filed a notice of appeal to the California Court of Appeal on March 4, 2013, in case number E058164. (RJN Ex. FFF.) Peters's appeal was dismissed on March 23, 2013. (Id.)

(7) Peters filed the Complaint in Martha Jo Peters v. William F. Turner, in Riverside Superior Court, case number RIC 1109766, on June 6, 2011. (RJN Ex. O.) In the Complaint, Peters claims that Turner, an attorney representing one of the defendants in the Martha Jo Peters v. Myspace, et al. action, misrepresented to the court that Peters had granted him an extension of time to respond to the Complaint. (Id.) Turner filed a demurrer to the Complaint on June 16, 2011. (RJN Ex. P.) On July 28, 2011, the Superior Court dismissed the action with prejudice. (RJN Ex. Q.) Peters did not appeal the [*26] dismissal. (See RJN Ex. YY.)

(8) Peters filed the Complaint in Peters v. Martin W. Hagan, in Riverside Superior Court, case number RIC 1110944, on June 27, 2011. (RJN Ex. F.) In the Complaint, Peters alleges that Hagan, a Deputy Attorney General assigned to represent the EDD in the Martha Jo Peters v. EDD, et al. action, committed libel and perpetrated a fraud on the court by stating in documents filed with the court that Peters created or owned the Myspace profile in question. (Id.) Hagan filed a demurrer to the Complaint, to which Peters filed an Opposition on August 22, 2011. (See RJN Ex. G.) The Superior Court sustained Hagan's demurrer, without leave to amend, on November 16, 2011. (See Ex. A to RJN Ex. H; RJN Ex. WW (hearing transcript on demurrer).) Peters did not appeal the dismissal.

(See RJN Ex. YY.)

(9) Peters filed the Complaint in Martha Jo Peters v. Jeff With, et al., Riverside Superior Court, case number RIC 1112527, on July 28, 2011. (RJN Ex. R.) This case is still pending.

(10) Peters filed the Complaint in Martha Jo Peters v. Rupert Murdoch, Riverside Superior Court, case number RIC 1112596, on July 29, 2011. (RJN Ex. BB.) In the Complaint, Peters alleged that Murdoch [*27] was liable for negligence and intentional infliction of emotional distress because he personally allowed the Myspace profile bearing her name to remain accessible on the Myspace website. (Id.) Murdoch filed a demurrer to the Complaint on October 12, 2011 and the Superior Court sustained the demurrer, without leave to amend, on December 6, 2011. (RJN Ex. HH, II.) Judgment was entered against Peters on January 12, 2012. (RJN Ex. JJ.) Peters did not appeal the dismissal. (See RJN Ex. YY.)

(11) Peters filed the Complaint in Martha Jo Peters v. Andrew Garcia, et al., in Riverside Superior Court, case number RIC 1201323, on January 27, 2012. (RJN Ex. S.) In the Complaint, Peters alleged that Mary Finlay, an attorney representing a defendant in the Martha Jo Peters v. Jeff With, et al. action suborned perjury by having a process server lie to the court. (Id.) On March 5, 2012, Defendant Finlay filed a Special Motion to Strike. (RJN Ex. T.) On April 13, 2012, the Superior Court granted the Special Motion to Strike, and dismissed Defendant Finlay. (RJN Ex. U.) The Superior Court dismissed the remainder of the action, without prejudice, on December 14, 2012. (RJN Ex. V, Ex. W.) Peters did not [*28] appeal the dismissal. (See RJN Ex. YY.)

(12) Peters filed the Complaint in Martha Jo Peters v. Rupert Murdoch, et al.,[3] in Riverside Superior Court, case number RIC 1201367, on January 30, 2012. (RJN Ex. KK.) Again, Peters alleged that Murdoch was responsible for the content posted the Myspace profile attributed to her, this time alleging claims for identity theft, false light, RICO violations, and obstruction of justice. (Id.) On March 13, 2012,

---

[3] In this lawsuit, Peters also named Myspace, Inc., Deputy Martin W. Hagan, the Attorney General, the Riverside Superior Court, Judge Gloria Trask and Judge John Vineyard as defendants.

the Attorney General of California filed a Motion to Declare Peters a Vexatious Litigant. (RJN Ex. LL; Ex. VV.) As Peters was suing judicial officers of the Riverside Superior Court as well as the Riverside Superior Court itself, the case was transferred to the San Bernardino Superior Court and became case number CIVDS 1206477. (Mot. at 8; RJN Ex. MM at 3.) The San Bernardino Superior Court granted the Motion on September 13, 2012, declared Peters a vexatious litigant, and required her to post security to continue in her action against Murdoch.[4] (RJN Ex. MM at 3, Ex. OO.) The Superior Court further ordered that Peters be subject to a pre-filing requirement, requiring her to first seek permission from the presiding judge of the county before filing **[*29]** any further actions. (Id.) Peters filed a Motion to Vacate the order declaring her to be a vexatious litigant, which was denied by the Superior Court. (RJN Ex. NN.) Peters filed a notice of appeal to the California Court of Appeal, case number E057569, on November 9, 2012. Her appeal was dismissed on January 18, 2013.

(13) Peters filed the Complaint in Martha Jo Peters v. Commissioner John Vineyard, et al., in San Bernardino Superior Court, case number CIVDS 1206475, on January 30, 2012. (RJN Ex. BBB.) As mentioned above, the Superior Court declared Peters to be a vexatious litigant on September 13, 2012. (RJN Ex. MM, Ex. BBB.) Peters's case was dismissed on October 15, 2012, after she failed to comply with the pre-filing order. (RJN Ex. BBB.) Peters filed a notice of appeal to the California Court of Appeal, case number E057570 on November 9, 2013. Her appeal was dismissed on January 18, 2013.

(14) Peters filed the Complaint in Martha Jo Peters v. Riverside Superior Court, et al., in San Bernardino Superior Court, case number CIVDS 1206473, on March 20, 2012. (RJN Ex. AAA.) As mentioned above, the Superior Court declared Peters to be a vexatious litigant on September 13, 2012. (RJN **[*30]** Ex. MM, Ex. AAA.) Peters's case was dismissed on October 15, 2012, after she failed to comply with the pre-filing order. (RJN Ex. AAA.) Peters filed a notice of appeal to the California Court of Appeal, case number E057570, on November 15, 2013. Her appeal was dismissed on January 18, 2013.

(15) Peters filed the Complaint in Martha Jo Peters v. Judge Ronald Taylor, et al., in San Bernardino Superior Court, case number CIVDS 1206476, on March 23, 2012. (RJN Ex. CCC.) As mentioned above, the Superior Court declared Peters to be a vexatious litigant on September 13, 2012. (RJN Ex. MM; Ex. CCC.) Peters's case was dismissed on October 15, 2012, after she failed to comply with the pre-filing order. (RJN Ex. CCC.) Peters filed a notice of appeal to the California Court of Appeal, case number E057570, on November 9, 2013. Her appeal was dismissed on January 18, 2013.

(16) Peters filed the Complaint in Martha Jo Peters v. Rupert Murdoch, et al., in the United States District Court for the Central District of California, case number EDCV 13-1022-R, on July 2, 2013. In the Complaint, Peters alleges claims against, inter alia, Rupert Murdoch, California Attorney General Kamala Harris, Deputy Attorney **[*31]** General Martin Hagan, as well as various judicial officers of the Riverside Superior Court and the Riverside Superior Court itself. (Id.) The claims alleged include claims for identity theft, negligence, RICO violations, violations of the Foreign Corrupt Practices Act, unjust enrichment, abuse of process, slander, and obstruction of justice. (Id.) Defendants filed a Motion to Dismiss, which was granted with prejudice by the District Court on October 25, 2013. (RJN Ex. PP.) Judgment was entered against Peters on December 10, 2013. (RJN Ex. III.) Peters filed a notice of appeal to the Ninth Circuit Court of Appeals, case number 13-56955, on November 12, 2013. The appeal is still pending.

(17) Peters filed the Complaint in Martha Jo Peters v. EDD, et al. in the United States District Court for the Central District of California, case number EDCV 13-1164-VAP (DTBx), on July 8, 2013. In the Complaint, Peters includes claims for defamation, slander per se, and tortious interference with prospective economic advantage against the EDD and Marriott. (Id.) On August 2, 2013, this Court dismissed the Complaint, without prejudice, due to lack of subject matter jurisdiction. (RJN Ex. QQ; Ex. RR.) **[*32]** Peters did not appeal the dismissal.

---

[4] This order also applied in the following cases, discussed below: (1) Martha Jo Peters v. Commissioner John Vineyard, et al., San Bernardino Superior Court case number CIVDS 1206475; (2) Martha Jo Peters **[*34]** v. Riverside Superior Court, et al., San Bernardino Superior Court case number CIVDS 1206473; and (3) Martha Jo Peters Martha Jo Peters v. Judge Ronald L. Taylor, et al., San Bernardino Superior Court case number CIVDS 1206476.

(18) Peters filed the Complaint in Martha Jo Peters v. Rust Consulting, Inc., et al., in the United States District Court for the Central District of California, case number EDCV 13-1194-JGB (DTBx), on July 8, 2013. In the Complaint, Peters alleges that Wells Fargo Bank and Rust Consulting violated a "mortgage foreclosure settlement agreement." On September 10, 2013, the District Court granted Defendant Wells Fargo Bank's Motion to Dismiss, without prejudice. (RJN Ex. SS.) Peters filed a notice of appeal to the Ninth Circuit Court of Appeals, case number 13-57146, on November 18, 2013. The appeal is still pending.

(19) Peters filed the Complaint in Martha Jo Peters v. EDD, et al., in the United States District Court for the Central District of California, case number EDCV 13-1628-VAP (OPx), on September 13, 2013. On November 12, 2013, this Court granted Defendant's Motion to Dismiss. (RJN Ex. TT.) The remainder of Peters's claims were dismissed on December 6, 2013. (RJN Ex. UU.) Peters filed a notice of appeal to the Ninth Circuit Court of Appeals, case number 13-57174, on November 17, 2013. The appeal is still pending.

(20) Peters filed the Complaint [*33] in Martha Jo Peters v. Wells Fargo, N.A., in the United States District Court for the Central District of California, case number EDCV 13-1735-VAP (DTBx), on October 3, 2013. On December 19, 2013, the District Court granted Defendant Wells Fargo Bank's Motion to Dismiss, without prejudice.

(21) Peters lodged the Complaint in Martha Jo Peters v. EDD, et al., in the United States District Court for the Central District of California, case number 13-2189. On December 19, 2013, the District Court denied Peters's request to proceed in forma pauperis, finding that Peters's allegations were similar to previous cases she had filed in federal court, and that those allegations were frivolous.

### c. Substantive Findings of Frivolousness

Before issuing a pre-filing injunction against a pro se plaintiff, a district court must make "substantive findings as to the frivolous or harassing nature of the litigant's actions." De Long, 912 F.2d at 1148 (citing In re Powell, 851 F.2d 427, 431, 271 U.S. App. D.C. 172 (D.C. Cir. 1988)). "An alternative to the finding of frivolousness is the finding that [Plaintiff's] claims show a pattern of harassment." Id.

A district court must look at the number and content of a party's filings when examining the frivolousness of the claims asserted. Id. A showing of litigiousness alone is insufficient to support an injunction, however. "The plaintiff's claims must not only be numerous, but also be patently without merit." Molski, 500 F.3d at 1059 (quoting Moy v. United States, 906 F.2d 467, 470 (9th Cir. 1990)). A district court also should "discern whether the filing of several similar types of actions constitutes an intent to harass the defendant or the court." Powell, 851 F.2d at 431. Under the Local Rules of the Central District, any pre-filing order must be "based on a finding that the litigant to whom the order is issued [*35] has abused the Court's process and is likely to continue such abuse, unless protective measures are taken." L.R. 83-8.3.

Here, the Court finds Peters's numerous state and federal lawsuits to be frivolous, harassing, an abuse of the court's process, and show a likelihood that she will continue to file such cases. The complaints filed by Peters generally fall into three categories: (1) cases brought against Rupert Murdoch and Myspace, Inc., and other lawsuits related to that case; (2) cases brought against the EDD and Marriott, and other lawsuits related to that case; and (3) cases brought against Wells Fargo.

In the complaints against Rupert Murdoch and Myspace, Inc., Peters claims that Murdoch and Myspace are responsible for the pornographic content posted to the Myspace profile bearing her name.

In the complaints against the EDD, Peters claims that the EDD conjured up false reasons to discharge her from its employ because her supervisors had seen the pornographic images on the Myspace page attributed to her. Peters often also sues Marriott in these actions because Peters's conduct at the Oceanside Marriott was also cited as a grounds for her dismissal from the EDD's employ. Later iterations of [*36] these complaints also allege that the Office of the Attorney General of California should not be allowed to defend the EDD, because Kamala Harris, the Attorney General of California, allegedly received a $5,000 contribution from Murdoch.

In the complaints against Wells Fargo, Peters generally claims that Wells Fargo wrongfully foreclosed upon her residence, and when she was promised compensation for the wrongful foreclosure, she did not receive the amount promised.

2014 U.S. Dist. LEXIS 185221, *36

Each complaint filed by Peters in these three categories includes nearly identical allegations and claims which have been repeatedly deemed insufficient to state any legal claim in state and federal court. The Court concludes that Peters's actions in these three categories are frivolous. See Martha Jo Peters v. EDD, et al., Case No. 5:13-cv-2189 (Doc. No. 3) ("Plaintiff's latest effort to bring these claims in the instant Complaint is frivolous. Plaintiff is largely bringing claims against defendants that have already been dismissed in other cases, without leave to amend in this Court. These claims fail for the reasons stated in the Court's prior orders. Plaintiff's refiling of these claims under a new case number is contrary [*37] to the prior orders of this Court.").

In at least three instances, Peters has brought suit against attorneys representing persons named as defendants in her complaints: (1) in Martha Jo Peters v. Martin W. Hagan, Peters sued Martin W. Hagan, representative for the EDD; (2) in Martha Jo Peters v. Andrew Garcia, et al., Peters sued Mary Finlay, representative for one of the defendants in the Martha Jo Peters v. Jeff With, et al. action; and (3) in Martha Jo Peters v. William F. Turner, Peters sued William F. Turner, representative for one of the defendants in the Martha Jo Peters v. Myspace, et al. action. None of these lawsuits were meritorious and each indicates an intent to harass.

Peters has also shown a willingness to bring suit against judicial officers who have been assigned her cases in the past. Often, when a judicial officer rules against Peters, she will file another case alleging the same facts, but also naming that judicial officer as a defendant in the new case, ostensibly because the judicial officer refused to follow the law or somehow obstructed justice in ruling against her. As Peters has taken this tack before in state court, she is undoubtedly familiar with the well-established [*38] concept of judicial immunity. Nevertheless, Peters still brought suit against judges in state and federal court, accusing them of "obstructing justice" for refusing to rule in her favor. The assertion of "baseless and exaggerated claims [that] exceed[ ] any legitimacy" may be a basis for determining that a litigant's cases are vexatious. Molski, 500 F.3d at 1061.

In addition to the frivolous and harassing nature of the complaints she has filed, Peters has made explicit her intent to continue to re-litigate claims that have been decided against her on multiple occasions. (See, e.g., Declaration of Chris A. Knudsen (Doc. No. 27-3) at ¶ 5 ("Ms. Peters . . . stated that she did not know who had gotten her most recent action dismissed, but that she was not giving up. She said that she was calling to inform me that she was re-filing her action."); Declaration of Ronald R. Giusso (Doc. No. 27-2) at ¶ 2 ("[Peters] told me that she did not care if the Court had already dismissed her complaint and that she was just going to 're-file anyway.' She stated, 'I am not going away until I get justice.'").)

In light of the state court's order barring her from continued litigation there,[5] Peters appears to be attempting to evade [*39] the effects of that order by moving her litigation campaign to this Court. Such attempts are disfavored. See, e.g., In re Fillbach, 223 F.3d 1089, 1091 (9th Cir. 2000) (district court has authority dismiss in the "circumstance of filing in one district court to avoid a vexatious litigant order in another").

Based on Peters's conduct, the Court finds it likely she will continue to raise claims to redress her perceived wrongs and that protective measures must be taken. L.R. 83-8.3.

**d. Pre-Filing Order**

The EDD requests the Court prohibit Peters from filing "any new lawsuit in the United States District Court without leave from the U.S. District Judge or Magistrate Judge."[6] (Mot. at 21.) Pre-filing orders "must be narrowly tailored to the vexatious litigant's wrongful behavior." Molski, 500 F.3d at 1061. An order preventing a litigant from filing *any* suit in a district court is overbroad. De Long, 912 F.2d at 1148. On the other hand, the Ninth Circuit has held that an order preventing a party from filing actions under a specific statute is appropriate, [*40] because it "covers only the type of claims the [litigant] had been filing vexatiously." Molski, 500 F.3d at 1061.

---

[5] In a previous filing, Peters argues that the state court vexatious litigant order was inappropriate. (Opposition to Motion to Dismiss (Doc. No. 25) at 6-7.) This Court lacks jurisdiction to consider such collateral attacks on a state court determination. See Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit, 453 F.3d 1160, 1165-66 (9th Cir. 2006).

[6] "[A] pre-filing order issued by one district court is enforceable in, and indeed must be enforced by, all other district courts." Buesgens v. Hart, 2009 U.S. Dist. LEXIS 20440, 2009 WL 672121, at *1 (N.D. Cal. Mar. 13, 2009), citing Lapin v. Shulton, Inc., 333 F.2d 169, 172 (9th Cir. 1964).

Here, the Court finds it appropriate to require Peters to submit for screening any pleading she proposes to file where the pleading asserts claims based on the following perceived wrongs: (1) negligence, emotional distress, slander, libel, or defamation against Rupert Murdoch or Myspace, Inc.; (2) wrongful termination, negligence, emotional distress, slander, libel, defamation or violations of the Fair Labor Standards Act against the EDD; (3) slander, libel, defamation, or tortious interference with prospective economic advantage against Marriott International or Man Lai Tam; (4) slander, libel, or defamation against Deputy Attorney General Martin W. Hagan or Attorney General Kamala Harris; and (5) any other claim that is similar or related to any of the facts or claims previously raised the following actions:

    1. <u>Martha Jo Peters v. Rupert Murdoch, et al.</u> Case No. EDCV 13-1022-R (C.D. Cal.);

    2. <u>Martha Jo Peters v. EDD, et al.</u>, Case No. EDCV 13-1164-VAP (DTBx) **[*41]** (C.D. Cal.);

    3. <u>Martha Jo Peters v. EDD, et al.</u>, Case No. EDCV 13-1628-VAP (OPx) (C.D. Cal.); and

    4. <u>Martha Jo Peters v. Rust Consulting, et al.</u>, Case No. EDCV 13-1194-JGB (DTBx).

Accordingly, the Court will direct the Clerk of this Court not to accept for filing any complaints or IFP applications from Peters concerning any claims from the above mentioned categories of actions unless she first obtains leave from a Judge of this Court. Before Peters may file an action that concerns any of the facts or claims in the cases mentioned above, she must first file a motion for leave to file a complaint. Peters must submit a copy of this order and a copy of the proposed filing with every motion for leave. If the Court does not grant Peters written permission to file a complaint within thirty days of the date of the filing of the motion for leave, permission will be deemed denied.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the EDD's Motion to Declare Plaintiff a Vexatious Litigant, DECLARES Plaintiff Martha Jo Peters to be a vexatious litigant, and DIRECTS the Clerk of the Court not to accept any further pleadings or IFP applications by Peters in the Central District of California **[*42]** unless she complies with the instructions above.

The Court cautions Peters that further filing of frivolous complaints may subject her to harsher filing restrictions, such as posting of a pre-filing bond before a complaint is accepted.

**IT IS SO ORDERED**.

**End of Document**



Neutral
As of: December 22, 2020 1:28 AM Z

# Justice v. Luna

United States District Court for the Eastern District of California

November 29, 2016, Decided; November 29, 2016, Filed

Case No.: 1:16-mc-0052-AWI-BAM

**Reporter**
2016 U.S. Dist. LEXIS 164557 *

ROBERT V. JUSTICE, Plaintiff, v. CLEO LUNA, Defendant.

**Prior History:** Justice v. Superior Court of San Diego Cnty., 2003 U.S. Dist. LEXIS 28945 (S.D. Cal., July 18, 2003)

## Core Terms

vexatious litigant, district court, civil action, executive order, federal court, failure to comply, show cause, Declaring, alleged violation, injunction order, contempt order, instant action, implementing, compliance, injunction, Enjoining, contends, prevents, violates, terms

**Counsel:** [*1] Robert V. Justice, Plaintiff, Pro se, Beverly Hills, CA.

**Judges:** Anthony W. Ishii, SENIOR UNITED STATES DISTRICT JUDGE.

**Opinion by:** Anthony W. Ishii

## Opinion

ORDER DISMISSING ACTION FOR FAILURE TO COMPLY WITH VEXATIOUS LITIGANT ORDER

On October 20, 2016, Plaintiff Robert V. Justice, acting in *pro* se, filed this suit against Cleo Luna, Staff Services Manager I at Avenal State Prison, seeking a contempt order for an alleged violation of a federal executive order. *See* Doc. 1.

On July 22, 2003, the district court in the Southern District of California declared Plaintiff a vexatious litigant and enjoined him "from filing any new civil actions in any federal court of the United States, without first obtaining leave of that court." Justice v. Super. Ct. of San Diego Cnty., Case No. 03CV1036-J (POR), 2003 U.S. Dist. LEXIS 28945 (S.D. Cal. Jul. 22, 2003) (Order: (1) Dismissing Action for Lack of Subject Matter Jurisdiction; (2) Declaring Plaintiff a Vexatious Litigant; and (3) Enjoining Plaintiff from Filing New Civil Actions, p. 10) ("Vexatious Litigant Order").[1] The district court's order directed that in order to obtain leave from any federal court to file a new civil action, Plaintiff must lodge with the Clerk of the Court a motion for leave to file a new complaint, along [*2] with a copy of the complaint and a copy of the vexatious litigant order. Id. at 10-11. Additionally, Plaintiff must submit a sworn affidavit or declaration certifying that "the complaint [raises] a new issue which has never been raised previously by him in either a state or federal court," that "his claim is well-grounded in fact and in law and is not frivolous" and that "in prosecuting the action, he will comply with all federal and local rules of civil procedure." Id. at 11. The district court's Vexatious Litigant Order remains binding on Plaintiff.[2]

---

[1] The Court may take judicial notice of court records in other cases. United States v. Howard, 381 F.3d 873, 876 n. 1 (9th Cir. 2004).

[2] On September 19, 2007, the Southern District of California denied Plaintiff's motion to dissolve the Vexatious Litigant Order. Volney v. Super. Ct., No. 03CV1036-J (POR), 2007 U.S. Dist. LEXIS 69289, 2007 WL 2753291, *1 (S.D. Cal.

Diana Sanders

**Exhibit H-14**

Prior to filing the instant action, Plaintiff failed to inform the Court of his status as a vexatious litigant. Plaintiff also failed to comply with any of the requirements set forth in the order declaring him a vexatious litigant. Therefore, on October 27, 2016, the Court issued an order directing Plaintiff to show cause in writing why this action should not be dismissed for failure **[*3]** to comply with the Vexatious Litigant Order issued by the United States District Court for the Southern District of California. Doc. 3.

On November 16, 2016, Plaintiff filed a response to the Court's order to show cause. In his response, Plaintiff contends that the Court cannot exercise control over an executive officer. Plaintiff further contends that the "federal executive power is absolute and the court cannot enforce any injunction against [him] that prevents [him] from implementing the federal executive order on this case. To do so would be treason." Doc. 4.

Having considered Plaintiff's response, the Court concludes that this action should be dismissed based on Plaintiff's failure to comply with the Vexatious Litigant Order issued by the United States District Court for the Southern District of California.

A court may dismiss a complaint filed by a vexatious litigant that violates an injunctive order entered by another court. See *Dantzler v. United States Equal Emp't Opportunity Comm'n, 810 F.Supp.2d 312, 319 (D.D.C. 2011)*; see also *In re Fillbach, 223 F.3d 1089, 1090 (9th Cir. 2000)* (noting court has authority to dismiss where litigant filed in one district court to avoid a vexatious litigant order in another court); *Justice v. Koskinen, 109 F.Supp.3d 142, 147 (D.D.C. 2015)* ("It is well-settled that a court may dismiss a complaint filed by a vexatious litigant that violates an **[*4]** injunctive order entered by another court.") (citation omitted).

In this case, Plaintiff does not attempt to argue that his filing of the instant action was in compliance with the Vexatious Litigant Order issued by the United States District Court for the Southern District of California. Plaintiff's sole argument appears to be that the court cannot enforce any injunction that prevents him from implementing a federal executive order. Doc. 4, p. 1. Plaintiff's argument lacks merit. Plaintiff has filed this civil action in an effort to obtain a contempt order for the alleged violation of a federal executive order. By its very terms, the Vexatious Litigant Order bars Plaintiff from bringing any new civil action in any federal court without first obtaining leave of that court. Plaintiff does not cite any case law or other authority demonstrating that the Vexatious Litigant Order does not apply to this action or that he should be excused from complying with its terms. The Vexatious Litigant Order is "not a mere formality," *Justice, 109 F.Supp.3d at 150*, and Plaintiff has failed to show cause why this action should not be dismissed for lack of compliance.

Accordingly, IT IS HEREBY ORDERED that:

> 1. This action is DISMISSED **[*5]** based on Plaintiff's failure to comply with the Vexatious Litigant Order; and
> 2. The Clerk shall CLOSE this case.

IT IS SO ORDERED.

Dated: November 29, 2016

/s/ Anthony W. Ishii

SENIOR DISTRICT JUDGE

---

**End of Document**

---

*Sept. 19, 2007)*. The Ninth Circuit affirmed on July 7, 2009. *Justice v. Super. Ct. of Cal., 341 Fed.Appx. 294 (9th Cir. 2009)*.

Diana Sanders

**Exhibit H-15**